Cincinnati, Indianapolis, St. Louis & Chicago Railway Co. *v.* Smock *et al.*

Having disposed of all of the questions involved, we affirm the judgment of the lower court.

Filed January 10, 1893.

No. 15,925.

CINCINNATI, INDIANAPOLIS, ST. LOUIS & CHICAGO RAILWAY COMPANY *v.* SMOCK ET AL.

PLEADING.—*Construction of.—More Strongly Against Pleader.—Words not in the Pleading.—Can not Insert.*—The rule that pleadings will be construed more strongly against the pleader applies only where the pleading is susceptible of two or more constructions, and does not extend to authorize the court to insert words not in the pleading, but confines the court to the construction of such words and phrases as are found in the particular pleading.

JUDGMENT.—*General Verdict.—Interrogatories to Jury.—Motion for Judgment on Notwithstanding General Verdict.*—In an action for damages, where the jury returned answers to interrogatories in addition to the general verdict for the plaintiff, and the defendant moved for judgment on the answers to the interrogatories notwithstanding the general verdict, it was held that as the answers only tended to show contributory negligence, and were not conclusive, they were not sufficient to override the general verdict. For the interrogatories and answers thereto, see opinion.

INSTRUCTIONS TO JURY.—*Correct in Terms, but not Sufficiently Specific.—Remedy.—Practice.*—Where an instruction which states the law correctly as far as it goes, but is thought by either of the parties litigant not to be sufficiently specific, the proper remedy is to ask for further instructions.

From the Marion Superior Court.

*J. T. Dye, A. Baker, A. Hendricks* and *E. Daniels,* for appellant.

*F. Winter* and *J. B. Elam,* for appellees.

COFFEY, C. J.—This was an action in the court below to recover damages for the burning of an ice-house alleged to have been ignited by sparks from one of the locomotive

engines of the appellant. The court overruled a demurrer interposed to the complaint by the appellant, and to this ruling it reserved an exception.

There was a trial by a jury, resulting in a verdict for the appellees, upon which the court, over a motion for a new trial, rendered judgment. With the general verdict, the jury returned answers to special interrogatories. The appellant moved the court to require the jury to answer more fully certain of the interrogatories, which motion was overruled and exceptions were reserved. The appellant also moved the court for a judgment in its favor, on the answers to the special interrogatories, notwithstanding the general verdict, which motion was also overruled and an exception taken.

The negligence charged in the complaint is the use of a defective locomotive engine, and the use of such engine in a negligent manner.

It is alleged that the engine—being defective and out of repair, and not provided with suitable spark arresters—was, also, carelessly and negligently managed by being required to draw an unusually heavy train; and, while opposite the ice-house of the appellees, in order to increase the speed of the train, the appellant carelessly and negligently applied great and unusual power to the locomotive engine, by all of which carelessness and negligence large quantities of sparks and live coals of fire were emitted from said engine, and, by the force with which they were thrown out by said locomotive engine and the wind, they were thrown and carried upon and against the ice-house of the appellees, in large quantities, while yet alive, hot and burning.

It is contended by the appellant that it appears, from these allegations, that the injury was the result of the wind, and that, therefore, there was a break in the line of causation, and for this reason it is not liable. It is conceded, however, that if the wind which carried the sparks and coals of fire from the locomotive engine to the ice-house

of the appellees was an ordinary wind, there was, under the decisions in this State, no intervening agency; but it is contended that, under the rule which requires us to construe a pleading most strongly against the pleader, we are to assume that the wind, on this occasion, was extraordinary.

The rule that pleadings are to be construed most strongly against the pleader, is applicable to conflicting or ambiguous allegations or averments. If a pleading is susceptible of two or more constructions, the construction least favorable to the pleader should be adopted by the court, for it is to be presumed that he will not make a statement favorable to his adversary, unless the facts are such as to warrant it. The rule of construing pleadings is so far modified, however, by our code as to require the court to give the pleading in a cause such liberal construction as may be necessary to the administration of substantial justice. *Wilson* v. *Clark*, 11 Ind. 385; *Dickensheets* v. *Kaufman*, 28 Ind. 251.

But the rule for construing pleadings most strongly against the pleader does not extend so far as to require or authorize the court to insert words not in use in the pleading. It confines the court to the construction of such words and phrases as are used in the particular pleading under consideration.

In this case, the wind blowing at the time of the injury set up in the complaint is not characterized. We can not so construe the complaint as to characterize it as extraordinary, without the insertion of a word into the complaint not used by the pleader. This we can not do. In our opinion the complaint is not subject to the objection urged against it.

Of the interrogatories and the answers thereto returned by the jury, the appellant moved the court to require the jury to make its answers to interrogatories numbered 19, 20, 21, 23 and 25 more definite, certain, and complete.

These interrogatories, and the answers thereto, are as follows:

"*Nineteen.* Was not the spark-arresting device in engine No. 39, of the defendant, examined and inspected by defendant's employes, about the middle of July, 1887, and was it not then found to be in its proper position, and perfect in every respect?

"*Answer.* Only partially.

"*Twenty.* Was not the spark-arresting device in defendant's locomotive engine No. 39 inspected and examined by defendant's employes in a week or ten days after the fire and found to be in its proper position and perfect in every respect?

"*Answer.* Examined, but date not given. Evidence does not warrant the jury in saying it was in perfect order.

"*Twenty-one.* Was not the spark-arresting device in defendant's locomotive engine No. 39 in its proper position and perfect in every respect at the time that the locomotive engine passed the ice-houses in question just before the fire? If not, describe in detail in what respect it was out of position or out of repair.

"*Answer.* The evidence does not warrant the jury in saying that it was in proper position or in perfect repair.

"*Twenty-three.* Did not said employe, mentioned in the last question, a few minutes afterwards discover that the partition between the two rooms of the ice-house—near the top of said partition and about six (6) feet from the north end of said room and at a place where one or more boards about twenty (20) feet long were off—was on fire?

"*Answer.* Yes, as to the fire; as to the opening, six inches or more in width and twenty feet long.

"*Twenty-five.* Did not the fire mentioned in the complaint, which consumed the property aforesaid, originate in the partition wall dividing the east and west rooms of said ice-house, near the top of said partition wall, and about

six feet from the north end thereof, and at a point where the wall was open on its east side by reason of one or more boards of said east side being off? and did not said fire originate from sparks from the defendant's locomotive engine No. 39, which alighted within said partition wall through the said opening therein?

"*Answer.* Yes, in or about said opening."

It will be observed that the first three interrogatories and answers above set out relate to the alleged negligence of the appellant, while the remaining two relate to the question of contributory negligence on the part of the appellees.

The first three could not have controlled the general verdict in any event, for they leave out of consideration the charges in the complaint, that the employes of the appellant were guilty of negligence in the use of the locomotive engine from which the fire originated. The rule is that every reasonable presumption will be indulged in favor of the general verdict, and if, by any reasonable hypothesis, the answers can be reconciled with the general verdict, the latter must stand. They override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause. *Indianapolis, etc., R. R. Co.* v. *Lewis*, 119 Ind. 218; *Baldwin* v. *Shuter*, 82 Ind. 560; *Lockwood* v. *Rose*, 125 Ind. 588.

Assuming, for the sake of the argument, that the spark-arrester was perfect, the charge that the fire occurred by reason of the negligent use of the locomotive engine is yet unanswered, under which proof was admissible sustaining the general verdict. The answer to interrogatory number 19 was intended, we think, to apply to so much of the question as relates to inspection, and is in accordance with the evidence. The answer to interrogatory number 20 is full and complete, and accords with the evidence when such evidence is considered as a whole. If there is

any defect in the answer to interrogatory numbered 19, we think such defect is cured by the answer to interrogatories numbered 20 and 21.

The vital question in the case is, what was the condition of the spark-arrester at the time the fire occurred? Its condition prior or subsequent to that time might tend to prove its condition at that time, but was not necessarily conclusive.

We do not think the court erred in not requiring the jury to give a detailed statement of the condition of the spark-arrester on locomotive engine No. 39 at the time the fire occurred.

There was much evidence introduced on the trial of the cause tending to prove that, on the occasion in question, this engine threw an unusual quantity of sparks and coals of fire, and that such coals of fire were of an unusual size. From this evidence the jury could rightfully infer that the fire occurred by reason of the negligence of the appellant. *Chicago, etc., R. R. Co.* v. *Ostrander*, 116 Ind. 259.

But while this is true, there was no evidence in the case which would have enabled the jury to give a particular description of the defects in the spark-arrester.

The answers to interrogatories numbered 23 and 25 seem to us to be sufficiently specific; but, while this is true, they can not, we think, control the general verdict. The facts thereby developed may tend to show contributory negligence on the part of the appellees, but they are not conclusive upon that subject. Of course, in finding a general verdict for the appellees, the jury necessarily found that they had not been guilty of any negligence which had contributed to the injury set up in the complaint. The facts elicited by these interrogatories are not sufficient, in our judgment, to overcome this finding. The appellees, in the construction and management of their ice-house, had the right to assume that the appellant would manage its locomotive engines carefully, and would take such precautions

as were necessary to prevent its exposure to unnecessary and unusual danger. It was the usual dangers against which the appellees were bound to provide, and not against the unusual. *Chicago, etc., R. W. Co.* v. *Burger*, 124 Ind. 275; *Pittsburgh, etc., R. W. Co.* v. *Jones*, 86 Ind. 496; *Kellogg* v. *Chicago, etc., R. W. Co.*, 26 Wis. 223.

In our opinion the court did not err in overruling the motion of the appellant for judgment in its favor, on the answers to interrogatories, notwithstanding the general verdict. There is no such conflict between them as that they can not both stand.

The instruction of the court, to which the appellant objects under its motion for a new trial, simply announces the well-known rule that the care to avoid an injury must be in proportion to the danger. The instruction, we think, was applicable to the evidence in the cause. The objection, that it was not sufficiently specific, is not tenable. If it stated the law correctly as far as it went, and the appellant was of the opinion that it was not sufficiently specific, the remedy was to ask further instructions. *Du Souchet* v. *Dutcher*, 113 Ind. 249.

We have carefully examined all the questions presented by the record, and find no error for which the judgment should be reversed.

Judgment affirmed.

