D. M. EDGERTON *et al.* v. WILLIAM McMULLAN *et al.*

EASEMENT — *Extinguishment* — *Non-user.*   Where a grantor con-
veys a tract of land in fee simple, with a right-of-way over other
adjacent lands of the grantor, mere non-user of the easement for
15 years or more is not an abandonment of the right, and does not
defeat or take it away.   Nothing short of an adverse hostile usage
of the servient estate, inconsistent with the rights of the grantee,
will start the statute of limitations running to defeat the right of
the grantee to the easement.

*Error from Wyandotte District Court.*

THIS was an action of trespass brought to test the
title of the defendants below, plaintiffs in error in this
court, to a right-of-way over a certain strip of land
described in the petition.   The case was tried before
Hon. JAMES S. GIBSON, judge *pro tem.*   It was ad-
mitted at the trial that the land was conveyed by
patent from the United States to Harriet W. P. Mc-
Mullan, that the plaintiffs were her sole heirs, and
that the defendants, under a claim of right as presi-
dent of the Wyandotte Town-Site and Improvement
Company, went upon the strip of land in question
and cut down trees for the purpose of opening up said
strip of land as a road.   The plaintiffs introduced a
deed from Henry M. McMullan and Harriet W. P.
McMullan to Mary A. Mather, dated September 6,
1860, conveying a four-acre tract of land therein de-
scribed, "with the privilege of a road two poles wide
on the north and east lines of the above-described
premises."   The defendants offered in evidence a
deed, dated August 16, 1882, from Samuel F. Mather
and Mary A. Mather to B. D. Hoag, trustee.   It was
admitted that Hoag was trustee for the Wyandotte
Town-Site and Improvement Company, to which he
afterward conveyed the property.   There was evi-

dence showing that there had been public travel along a part of the land in dispute for a time; that a hedge fence was put out near the north line of the land conveyed to Mrs. Mather, 30 feet from the north line of the McMullan allotment, about 25 years before the trial of the action. The strip was open at the end until about two years before the commencement of the action, when it was fenced up by the plaintiffs below. The land had not been occupied for any purpose, but allowed to grow up in trees. The court made the following special findings of fact and conclusion of law:

"1. That prior to the 6th day of September, 1860, Harriet W. P. McMullan was the owner of the land in controversy in fee simple.

"2. That on said date she sold to Mary A. Mather lands adjoining the lands in controversy, and with the privilege of a road two poles wide over and along the land in controversy; that about the year 1869 or 1870, the said Mary A. Mather fenced in her land, building along the south line of the land in controversy and the north line of the land that she purchased from the said Harriet W. P. McMullan, an osage-orange hedge; that at or about that time there was a fence upon the north line of the land in controversy, and upon the east and west ends thereof; that from that time up to the time the plaintiffs built the fence around the land that is hereinafter mentioned, said land was not used as a road, but was allowed to grow up with bushes and trees.

"3. I further find, as a matter of fact, that said Mary A. Mather never claimed any interest in said land; that when she planted said hedge, she abandoned and gave up any right that she had in the easement granted by said deed.

"4. That the said Harriet W. P. McMullan is dead, and that the plaintiffs are her sole and only heirs.

"5. That some time during the year 1886 plaintiffs built a valuable fence upon both sides and both ends

of said land in controversy; that the defendants tore down and destroyed said fence, and cut trees thereon; that the damage so done was $1.''

"CONCLUSION OF LAW.

"I find, as a conclusion of law, that plaintiffs are entitled to recover herein in the sum and amount of $1, together with their costs.''

Thereupon the court rendered judgment in favor of the plaintiffs for $1. The certificate of the judge who settled the case states that the action involves the title to real estate.

*N. II. Loomis*, for plaintiffs in error.
*IIale & Fife*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The trial court held that the evidence showed an abandonment by Mrs. Mather of her right to an easement over this land. The only evidence to support that claim is that showing that she placed a hedge fence along the north line of the land conveyed to her in fee simple, which was the south line of the tract in controversy, thus excluding from her enclosure the strip two poles wide, or nearly that amount, and that she never actually used the land for a road. The evidence of Doctor Mather, her husband, shows that she had no use for the roadway, but contemplated laying the land out into town lots at some time.

The law is well settled that mere non-user of a right-of-way granted by deed does not constitute an abandonment of the right. In Washburne on Easements, p. 717, the author says:

"If the easement has been acquired by deed, no length of time of mere non-user will operate to impair or defeat the right. Nothing short of a use by the owner of the premises over which it was granted, which is ad-

verse to the enjoyment of such easement by the owner thereof for the space of time long enough to create a prescriptive right, will destroy the right granted."

So in *Day v. Walden*, 46 Mich. 575, Judge Cooley, delivering the opinion of the court, says:

"The right to the easement was not lost by the mere neglect to assert, use and enjoy it for the period of 20 years. There is no doubt of this upon the authorities. The easement was created by grant as an appurtenance to the mill; and there were no conditions or limitations attached which rendered its use necessary to its continuance. The grant was perpetual, and without conditions; and therefore the privilege granted would continue indefinitely whether the grantee did or did not avail himself of it. An accepted grant cannot be waived or abandoned, and the neglect of the grantee to enjoy the easement would be no more significant in its bearing upon his rights than the neglect to enjoy the freehold to which the easement was appurtenant."

To the same effect are *Riehle v. Huelings*, 38 N. J. Eq. 20; *Lindeman v. Lindsey*, 69 Pa. St. 93.

There is no evidence in the record of any act of the plaintiffs inconsistent with the right of the defendants and their grantors until the strip was fenced up at the end. Even this could hardly be said to amount to such a hostile assertion of right adverse to the defendants as would set the statute of limitations to running against their deed. The defendants neither had nor claimed to have, by virtue of the deed to Mrs. Mather, the full title to the land. They were under no obligation to use the easement until they desired to do so, nor were they bound to take any action to protect their rights so long as there was no occupancy of the land inconsistent with them. While the deed from Mrs. Mather to Hoag does not specifically mention the right-of-way, it grants the land and appurtenances

thereto. There is no question that this easement was appurtenant to the land, and passed to the grantee of Mrs. Mather.

The judgment is reversed, with direction to enter judgment on the special findings and undisputed facts of the case in favor of the defendants.

All the Justices concurring.