## BRUNTHAVER v. TALTY.*

---

EASEMENTS; ABANDONMENT; INJUNCTION; ESTOPPEL.

1. Mere neglect to enjoy an easement created by grant has no greater effect to extinguish the right of the grantee thereto, than to the freehold to which it is appurtenant.

---

*Easements.*—As to abandonment of highway by nonuser or otherwise than by act of public, see note to Maire v. Kruse, 26 L.R.A. 449.

For effect of nonuser of an easement, see note to *Welsh* v. *Taylor,* 18 L.R.A. 535.

2. There is no way in which an easement created by grant can be extinguished by abandonment,—that is to say by nonuser,—unless there has been, in connection with acts inconsistent with the intent to use, some acquiescence in its obstruction by another for a reasonable period at least, or some representation that would work an estoppel.

3. A bill in equity will not lie by a property owner whose house and lot adjoin an alley, to enjoin a neighbor from cutting a door in the wall of her house overlooking the alley, and for making use of the alley for ingress and egress, on the ground that, although the defendant had an easement by grant in the alley, she had abandoned it by nonuser,—especially where it appears that, when the complainant purchased her lot, she made no inquiry to ascertain if the defendant had really abandoned her right with no intention of exercising it in the future.

No. 1822. Submitted March 6, 1908. Decided March 31, 1908.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, in a suit to enjoin the defendant from making use of an alley adjacent to complainant's premises. *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, Elizabeth A. Brunthaver, appeals from a decree dismissing her bill to enjoin the appellee, Elizabeth R. Talty, from making use of an alleyway adjacent to appellee's premises. The cause was heard on bill and answer.

These disclose the following facts: Complainant is the owner of a lot which consists of parts of lots 4 and 3 in a square at the corner of 12th and E streets, in the city of Washington. This lot fronts 24 or 25 feet on 12th street in lot 4, and extends for 72 feet on a line at a right angle with 12th street to a 3-foot alley in lot 3, which runs into E street. There is another lot between that of complainant and E street, which also extends to the alley. Complainant's lot was conveyed by one Kibbe to Waters and Scott, September 15, 1835, reserving the right to use an alley 3 feet wide running along the west side of said lot, and extending north from E street for 49 feet, to be kept open forever by said Kibbe. This is the alley involved. Kibbe also

owned the lot claimed by defendant, and, on April 9, 1835, conveyed the same to parties, from whom defendant deraigns title, with the right and privilege to use said alley to be kept open forever. Rebecca E. Cryer, defendant's immediate predecessor in title, received a deed to the lot and the alley privilege in 1876. There was a house on the front part of the lot at that time, and in the same year she erected a brick building on the rear of said lot extending to its boundary, the last three feet of which abutted on the end of said alley. No door opening on said alley was constructed in this wall. In the second story a window was constructed overlooking the alley. Ventilators about 1 foot square in said wall admitted light and air and overlooked the rear of complainant's premises. The lot was conveyed by Cryer to defendant's husband in January, 1899. All the deeds under which each party claimed under Kibbe were duly recorded. In April, 1903, defendant cut a door in the wall opening in the alley, and since said date her tenants have made use of the alley for ingress and egress to and from E street. The alley was open and unobstructed when complainant acquired her title, and has remained in that condition.

*Mr. Andrew Wilson* and *Mr. Noel W. Barksdale* for the appellant.

*Mr. J. J. Darlington* and *Mr. W. C. Sullivan* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

Complainant's contention is that, by building said wall without having an opening for the use of the alley, the said Cryer abandoned the same, and her right thereby became extinguished. She also contends that, when she acquired her title, she had the right to assume the abandonment and extinguishment of the right to use said alley, whereby defendant is estopped to assert a right thereto. She made no inquiries concerning the abandon-

ment of the open alley, and no representations were made to her
concerning its abandonment.

On this state of facts, we think the court was right in dismiss-
ing the bill to restrain the use of the alley by the defendant.

The conduct of Rebecca Cryer in building and maintaining
the wall without an opening for entrance to the alley amounted
to nothing more than nonuser of the easement. Nothing was
done by anyone else to obstruct her use. Mere neglect to enjoy
an easement created by grant has no greater effect to extinguish
the right of the grantee thereto than to the freehold to which
it is appurtenant. This principle is established by the great
weight of authority. For some of these, see: *Day* v. *Walden,*
46 Mich. 575, 583, 10 N. W. 26; *Arnold* v. *Stevens,* 24 Pick.
106, 112, 35 Am. Dec. 305; *Welsh* v. *Taylor,* 134 N. Y. 450,
459, 18 L.R.A. 535, 31 N. E. 896; *Conabeer* v. *New York C.
& H. R. R. Co.* 156 N. Y. 474, 484, 51 N. E. 402; *Perth
Amboy Terra Cotta Co.* v. *Ryan,* 68 N. J. L. 474, 477, 53 Atl.
699; *Curran* v. *Louisville,* 83 Ky. 628, 632; *Edgerton* v. *Mc-
Mullan,* 55 Kan. 90, 92, 39 Pac. 1021; *Lindeman* v. *Lindsey,*
69 Pa. 93, 100, 8 Am. Rep. 219; *Richmond* v. *Bennett,* 205
Pa. 470, 471, 55 Atl. 17; *Kuecken* v. *Voltz,* 110 Ill. 264, 271;
*Noll* v. *Dubuque, B. & M. R. Co.* 32 Iowa, 66, 71.

It is unnecessary to review the cases cited on the argument by
appellant. None of these go farther than to maintain the doc-
trine that an easement created by grant can be abandoned and
extinguished by certain acts *in pais,* without deed or other writ-
ing. And none hold that nonuser alone will work the extinguish-
ment of the granted right. In the case chiefly relied on by the
appellant it was said in the course of the opinion that cesser of
use, coupled with any act clearly indicating an intent to aban-
don the right, would have the same effect as an express release.
*Vogler* v. *Geiss,* 51 Md. 407, 410. That expression in the opin-
ion must be considered in the light of the facts of the case, which
are quite different from the facts in this case. There the ques-
tion was not whether the party had abandoned the right by
erecting a wall at the entrance to the alley from his own land,
but whether he had abandoned it by consenting to the erection,

by the owner of the servient estate, of an obstruction of the easement.   And it was also said in that case: "If the party be authorized to raise the obstructions complained of by mere parol license, and such license be executed before revocation, and the obstructions be only temporary in duration or partial in effect, the easement is only suspended or modified for the term of the duration of the obstruction raised in pursuance of such license. *   *   *   In such case, after the removal of the obstructions, the right to use the easement as formerly is restored."

There is no way, in our opinion, in which an easement created by grant can be extinguished by abandonment,—that is to say by nonuser,—unless there has been, in connection with acts inconsistent with the intent to use, some acquiescence in its obstruction by another for a reasonable period at least, or some representations that would work an estoppel.   Nothing whatever was done by the successive owners of the lots abutting on the alley, in this case, to prevent the enjoyment of the easement by the defendant or those under whom she claims.   Defendant's wall did not obstruct the alley, and it remained open to her use at will.   Omitting to construct a door in the wall was nothing more than evidence of nonuser of the easement which she could later avoid herself by cutting an opening for the purpose which she did when it suited her convenience.   The failure to construct this door into the open and unobstructed alley, before complainant purchased her lot, indicated nothing more, under all the circumstances of the case, than that defendant was not then making use of the easement.   No inquiry was made with a view to ascertain if she had really abandoned the right with no intention to exercise it in the future.   A necessary element of the estoppel claimed is wanting.   Complainant had no right to assume, in the face of recorded titles under which both parties held, and the unobstructed condition of the alley, that defendant had forever relinquished her right to its enjoyment.   In this connection, it is to be remembered, also, that the grant under which complainant holds extends but 72 feet, and is limited to the line of the alley on her side.   She took an easement in the alley by

her deed, as did the owner of the lot between her and E street, and no greater interest.

The decree will be affirmed with costs.          *Affirmed.*