### VOORHIES *v.* PRATT.

1. ADVERSE POSSESSION — DRAINS — RIGHT OF WAY — PERMISSIVE USER.

A right to lay a drain and convey surface water upon the lands of another, beginning in favor, was permissive, and no rights by adverse user could arise thereunder.

2. SAME—DRAINS—RIGHT TO MAINTAIN—PRESCRIPTION.

Where the permissive user was extinguished by sale of the premises, and thereafter defendant claimed the right to maintain the drain, and the evidence shows that he did so maintain it, going upon the premises and keeping it open, for over 16 years, *held*, a right by prescription was made out.

Appeal from Genesee; Stevens, J. Submitted October 5, 1917. (Docket No. 41.) Decided March 27, 1918.

Bill by George W. Voorhies against William Pratt and others to restrain defendants from the use of certain drains and for damages arising out of their use. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*George F. MacNeal* (*James S. Parker*, of counsel), for plaintiff.

*H. W. Hoxie* (*John H. Farley*, of counsel), for defendants.

BIRD, J. George Voorhies, the plaintiff, is the owner of 30 acres of farming land in the southwest corner of the township of Fenton, in Genesee county. Defendants' lands lie to the north and east of plaintiff's, forming a watershed of something less than 100 acres, which discharges its surface water on and across plaintiff's land to the southwest. Several months after plaintiff purchased the land in November, 1911, he discovered two tile drains discharging their waters on his land. One drain from the north was laid on his land about 12 rods and ran back onto defendants' land several rods. The other, from the east, discharged its waters at or near the line fence, and extended in an easterly direction on defendants' land 40 or 50 rods. Plaintiff was not pleased with these conditions because they made certain portions of his land wet and unproductive, and he claims that he protested to defendant Pratt and insisted upon his remedying it; that Pratt did not heed his protest and therefore he proceeded to dam the east drain at or near the line fence, but this did not avail because the water would go over the top of the dam and spread out on his field. He claims, in consequence of this drainage, his crops during the years that have followed his purchase have been damaged and that he has suffered several hundred dollars' loss. Despairing of any relief from defendants he filed this bill of complaint in October, 1914, praying for a permanent injunction restraining defendants from making use of said drains, and praying for an award of damages for the injury to his crops. Defendant Pratt and the other defendants who have recently purchased defendant's land upon con-

tract made the defense that they had acquired a prescriptive right to maintain these drains. The chancellor found that this right existed and dismissed plaintiff's bill.

Plaintiff's proofs are convincing that something more than the ordinary flow of surface water is reaching his land through these drains and that the water is reaching his land quicker and in greater volume than it otherwise would. His testimony fairly tends to establish the fact that certain sag holes or swales on defendants' land to the east are drained or partially drained, by the east drain. His testimony also shows that his crops have been damaged by reason of this excessive drainage and we are of the opinion that he is entitled to some relief unless it can be said that defendant has acquired a right by prescription to discharge the water upon his premises in the manner indicated.

Defendants' proofs do not seriously controvert plaintiff's claims but seek to avoid the effect of them by showing that these drains were constructed in the early nineties with the consent of Mr. Hatt, who was then the owner of plaintiff's premises, under some oral agreement that when Mr. Hatt was ready to extend them through his land, defendant Pratt would assist in so doing. Defendants' testimony further shows that in March, 1898, Mr. Hatt sold the premises to James Pratt, a brother of defendant, and that he owned them until March, 1911, when they were sold by him to plaintiff; that the length of time the premises were owned by James Pratt and the plaintiff before suit was commenced was upwards of 16 years, and that the uninterrupted passage of the water through these drains during that time has given defendant a right by prescription to have them continued. The drains appear to have had their beginning in favor, extended by Mr. Hatt to defendant, and,

therefore, were permissive. While they were maintained as a matter of favor defendant could not acquire any right by adverse user. *People* v. *Ferguson,* 119 Mich. 373. After a sale of the premises to Mr. James Pratt the favor was thereby extinguished (*Maxwell* v. *Bay City Bridge Co.,* 41 Mich. 466), and the statute would begin to run. It appears without much contradiction that during the ownership of James Pratt and plaintiff defendant Pratt went onto the premises and opened the outlets, and that during all the times since the premises were sold by Mr. Hatt defendant has claimed the right to and has maintained the drains and kept them open. The testimony does not show that at any time the use of the drains has been seriously interrupted, although it appears that plaintiff attempted to stop the flow but failed. It further appears to have been acquiesced in by James Pratt and also by plaintiff during a part of his ownership. These ownerships cover a period of over 16 years, and we think the defendants' testimony fairly made out a right by prescription. *Gregory* v. *Bush,* 64 Mich. 37; *Leidlein* v. *Meyer,* 95 Mich. 566; *Cranson* v. *Snyder,* 137 Mich. 340.

We agree with the conclusions reached by the chancellor.

The decree will be affirmed.

Ostrander, C. J., and Moore, Steere, Brooke, Fellows, Stone, and Kuhn, JJ., concurred.