SKELTON *v.* SCHENETZKY.

[No. 11,774. Filed May 20, 1924. Rehearing denied November 30, 1924. Transfer denied January 29, 1925.]

1. TRIAL.—*When conflict between answers to interrogatories and the general verdict will overthrow the latter.*—Conflict between answers to interrogatories and the general verdict which will overthrow the latter must be such as cannot be removed by any evidence legitimately admissible. p. 435.

2. APPEAL.—*Presumed that evidence submitted at trial reconciled answers to interrogatories with the general verdict.*—On appeal from a judgment quieting title in an easement to a roadway, in the absence of the evidence, it will be presumed that testimony was given at the trial which showed that the prescriptive right to the roadway accrued prior to a closing

of the way by the servient owner and prior to the payment of rental therefor by the plaintiff, as shown by answers to interrogatories.   p. 435.

3.   EASEMENTS.—*Right of way acquired by prescription may be relinquished without instrument in writing.*—The owner of a right of way or other easement acquired by prescription may, without deed or other written instrument, abandon or relinquish the same to the owner of the servient estate.   p. 435.

4.   EASEMENTS.—*Abandonment of an easement is a question of intention, depending on the facts of each case, and is question for the jury.*—Whether the owner of an easement over the land of another acquired by prescription has, by his declarations or conduct abandoned the same, is ordinarily a question of intention, depending on the facts of each particular case, and is a question for the jury.   p. 436.

5.   EASEMENTS.—*Acts which may constitute evidence of abandonment.*—Nothing short of an intention to abandon the right to an easement will operate to that effect unless other persons have been led, by the acts of the owner of the easement, to treat the servient estate as free of the servitude, and the easement cannot be resumed without injury to their rights in respect thereto.   p. 436.

6.   EASEMENTS.—*Easement not necessarily relinquished by paying rent therefor.*—The fact that the owner of an easement acquired by prescription paid rent therefor for a period of years, does not show an intention to abandon his right thereto where such right had been established before the payment, but, on appeal, it will be presumed that the payments were made with the distinct understanding that the right to the easement previously acquired should not be affected thereby. p. 436.

7.   EASEMENTS.—*Whether abandonment of right of way was evidenced by the payment of rent question for jury.*—Whether the payment of rent by the owner of an easement in a right of way acquired by prescription evidenced an abandonment of the same was a question of fact for the jury.   p. 436.

8.   TRIAL.—*Answer to interrogatory insufficient to overthrow verdict.*—In the trial of an action to quiet title to an easement in a roadway, an answer to an interrogatory that the servient owner, at one time, by means of a gate, closed the way for four or five days, is not sufficient to overthrow the general verdict for the plaintiff.   p. 437.

From Dubois Circuit Court; *David D. Corn,* Special Judge.

VOL. 82—28

Action by John A. Schenetzky against Claud Skelton. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Leo H. Fisher* and *Thomas Duncan,* for appellant.
*W. E. Cox* and *Bomar Traylor,* for appellee.

REMY, C. J.—Suit by appellee to quiet title to an easement in a roadway over land of appellant. In his complaint, appellee charges that he is the owner of a certain tract of land lying immediately south of land owned by appellant, and that for more than thirty years he and his immediate and remote grantors have had a right of way fifteen feet in width extending across the land of appellant.

On the trial, there was a general verdict for appellee. With the verdict, the jury returned answers to interrogatories. A motion by appellant for judgment *non obstante veredicto* was overruled, and judgment rendered for appellee.

The only error assigned and properly presented is the action of the court in overruling the motion for judgment on answers to interrogatories.

The jury by its answers to certain of the interrogatories found that at the time of the trial appellant and appellee respectively owned the adjacent tracts of land as averred in the complaint; that appellant, in 1912, had obtained his land from Clements A. Knust who had acquired it from John C. Knust in 1900; that the land owned by appellee was, in 1918, obtained by him from Paul Schenetzky who, in 1905, had purchased the same from Henry Weyer; and that Weyer had been the owner thereof continuously from 1898 to 1918. The jury further found that for the privilege of using the roadway from 1898 to 1905, Henry Weyer paid to the Knusts an annual rental of two dollars, and that, in 1905, Clements A. Knust closed the roadway by means of a

gate, and kept it closed for a period of four or five days.

It is earnestly contended that the findings of the jury that rent was paid for the seven years from 1898 to 1905, and that the way was temporarily closed in 1904, are in irreconcilable conflict with the general verdict. This contention is based primarily upon the proposition that appellee must recover, if at all, by a finding of adverse user of the roadway for a continuous period of twenty years immediately preceding the commencement of this suit on May 21, 1921. We cannot concur in this view.

It is settled law in this state that the conflict between answers to interrogatories and the general verdict, which will overthrow the verdict, must be such

1-3. as cannot be removed by evidence legitimately admissible. *Cincinnati, etc., R. Co.* v. *Smock* (1892), 133 Ind. 411, 33 N. E. 108; *Fitzmaurice* v. *Puterbaugh* (1896), 17 Ind. App. 318, 45 N. E. 524. Under the issues in this case, evidence would have been admissible to show that appellee's right to the roadway by adverse possession had ripened prior to 1898, when payment was first made to the servient owner for the right to use the roadway, and prior to 1904, when the way was temporarily closed. See *Cannon* v. *Stockmon* (1869), 36 Cal. 535, 540, 95 Am. Dec. 205. For reasons best known to himself, appellant has not incorporated the evidence in the record, and, in the absence of the evidence, it will be presumed by this court that there was testimony submitted at the trial which showed that the prescriptive right to the roadway accrued prior to the temporary closing of the way, and prior to the payment of rental. But it is argued by appellant that even if the easement by adverse possession had accrued prior to the payment of rent in 1898, the easement was relinquished by the rental payments. It seems to be well

settled that the owner of a right of way or other mere easement acquired by prescription may, without deed or other written instrument, abandon or relinquish the same (*King* v. *Murphy* [1885], 140 Mass. 254, 4 N. E. 566; *Vogler* v. *Geiss* [1879], 51 Md. 407; *Perrin* v. *Garfield* [1864], 37 Vt. 304; 19 C. J. 940), though the law is otherwise as to the relinquishment of a fee simple title acquired by prescription. In such a case, relinquishment must be made by deed, unless the title again vests in another by reason of adverse possession. *Rennert* v. *Shirk* (1904), 163 Ind. 542, 72 N. E. 54; 2 C. J. 256.

Whether the owner of the dominant estate has, by his declarations, acts or conduct, abandoned an easement acquired by adverse user is ordinarily a question of intention, depending upon the facts of each particular case, and is a question for the jury. *Snell* v. *Levitt* (1888), 110 N. Y. 595, 18 N. E. 370, 1 L. R. A. 414; *Raritan Water Power Co.* v. *Veghte* (1869), 21 N. J. Eq. 463, 480; *Garlick* v. *Railway Co.* (1902), 67 Ohio St. 223, 225, 65 N. E. 896. Nothing short of an intention to abandon the right to an easement will operate to that effect where other persons have not been led by the acts of the owner of the easement to treat the servient estate as free of the servitude, and where the easement cannot be resumed without injury to their rights in respect thereto. *Snell* v. *Levitt, supra.* It is not contended by appellant, nor does it appear from the record, that appellant or anyone else was in any way misled to his injury by the conduct of Weyer in making the rental payments.

If, on the trial, there was evidence submitted to the jury sufficient to establish the fact that the easement had accrued prior to 1898, then the fact, as found by the jury, that rent had been paid from 1898 to 1905, would not necessarily defeat the right to

the easement. *Perrin* v. *Garfield, supra; Tracy* v. *Atherton* (1864), 36 Vt. 503, 520. Whether the payments of rent were made by Weyer with the intention thereby to relinquish the easement in the right of way was a question of fact for the jury. For aught that appears from the record, the payments of rent may have been made with the distinct understanding that the rights of Weyer to an easement for a roadway previously acquired by prescription should in no way be affected by the rental payments.

In the absence of the evidence, the mere finding of the jury that in 1904, the servient owner, by means of a gate, closed the way for four or five days is not sufficient to overthrow the general verdict.
See *Young* v. *Star Omnibus Co.* (1902), 86 L. T. (N. S.) 41; *Edgerton* v. *McMullan* (1895), 55 Kans. 90, 39 Pac. 1021; *Barnwell* v. *McGrath* (1840), 1 McMul. (S. C.) 174, 36 Am. Dec. 254.

The trial court did not err in overruling the motion for judgment on answers to interrogatories.

Affirmed.