SALLAN JEWELRY CO. *v.* BIRD.

1. EVIDENCE—SELF-SERVING STATEMENTS INADMISSIBLE.
   In a suit to enjoin the removal of a stairway on defend-
   ants' adjoining premises, in which plaintiffs claimed an
   easement, testimony for the defendants of a statement by
   a former owner that there was no easement in the stair-
   way, and that its use was by sufferance, was properly ex-
   cluded on the ground that it was a self-serving statement.

2. EASEMENTS—PERMISSIVE USE OF PREMISES REVOKED BY CON-
   VEYANCE—ADVERSE POSSESSION—PRESCRIPTION.
   Where permissive use of a stairway was revoked by con-
   veyance of the premises, by will, and, without any action
   by the devisees, use of the stairway continued for more
   than 15 years, said user was adverse, and ripened into
   an easement by prescription.

Appeal from Oakland; Gilbert (Parm C.), J., pre-
siding.    Submitted April 8, 1927.    (Docket No. 63.)
Decided October 3, 1927.

Bill by the Sallan Jewelry Company and Byron
Woodward against George L. Bird and another to en-
join the destruction of an easement.    From a decree
for plaintiffs, defendants appeal.    Affirmed.

*Groesbeck, Sempliner, Kelly & Baillie,* for plaintiff
Sallan Jewelry Co.

*Andrew L. Moore (Edmund E. Shepherd,* of coun-
sel), for plaintiff Woodward.

*Patterson & Patterson* and *Pelton & McGee,* for de-
fendants.

BIRD, J.    Plaintiff Woodward owns a store build-

¹Evidence, 22 C. J. § 198; ²Easements, 19 C. J. § 54.

ing in the city of Pontiac.    His tenant is plaintiff
Sallan Jewelry Company.    Defendants own an ad-
joining store.    Each owns half of the dividing party
wall.    A stairway leading to the second story was
constructed many years ago by the side of the party
wall, but wholly on defendants' premises.    At the
second story, openings and doorways were constructed
in the party wall leading to plaintiff's second story,
and plaintiff Woodward claims that he and his prede-
cessors in title have used the stairway and helped to
keep it in repair since the year 1867.    Recently de-
fendants started to remodel their building by remov-
ing the stairway, thereby depriving plaintiff of access
to his second story, and plaintiff obtained a temporary
injunction to restrain them from so doing, claiming
he had a prescriptive easement in the use of the stair-
way.    He prays that the stairway may be restored
and the temporary injunction made permanent.

There was proof to support plaintiff's claim that
he and his predecessors in title had used the stair-
way, and that they claimed the right to use it.    There
was also proof that plaintiff and his predecessors had
helped to maintain it through the years, although this
was disputed.    These claims do not seem to be
seriously disputed, but defendants, to overcome the
force of them, assert that plaintiff's use began in favor
and has been a permissive use through the years.
There is no evidence of this except the testimony of
the witness Henry L. Jacobs, whose father was the
former owner of defendants' property.    He and his
brother, upon the death of the father, succeeded to
the title and sold the premises to defendants on con-
tract, which is at the present time executory.    Henry
testified that in a talk with his father in 1885 they
were discussing the advisability of making some
changes in the building which involved the removal of
the stairs, and his father said "we could do that be-

cause there was no easement on that, they were using it by sufferance." The court heard this testimony, but at the close he excluded it, on the ground that it was a self-serving statement. That the court was in error in excluding the evidence is not seriously argued by defendants' counsel. It was a self-serving statement, and the chancellor was right in excluding it. *Wilson* v. *Wilson*, 6 Mich. 9; *Jones* v. *Tyler*, 6 Mich. 364; *Ward* v. *Ward*, 37 Mich. 253; 22 C. J. p. 216.

Counsel for plaintiffs insist that the testimony was objectionable on the ground stated by the court, but they say whether it was or not is not important, as the estate of Mr. Jacobs passed by will to the boys, and this *ipso facto* revoked the permission, and since that time there has elapsed more than 15 years, a sufficient time to ripen the right into an easement by prescription. Counsel for defendants do not agree with this, and do not think that that rule should apply. We are inclined to the opinion that it is applicable, and that a case of prescriptive easement was made out. This court has held in several cases that a change in the title destroys the permission. *Maxwell* v. *Bay City Bridge Co.*, 41 Mich. 453; *Minneapolis, etc., R. Co.* v. *Marble*, 112 Mich. 4; *Howatt* v. *Green*, 139 Mich. 289; *Toney* v. *Knapp*, 142 Mich. 652; *Voorhies* v. *Pratt*, 200 Mich. 91; *First National Bank* v. *Vanden Brooks*, 204 Mich. 164.

The recent case of *Burkhart* v. *Zimmerman*, 239 Mich. 491, is decisive of the question. That was a case where the stairs were located wholly on the premises of the opposite party, and is on all fours with the present case. Mr. Justice SNOW reviewed the case and held that an easement which began in favor was terminated by a change in the title.

Some question is raised by counsel as to the wording of the decree made in the trial court. This question will not be considered in the opinion, but counsel

may have permission to raise it upon the settlement of the decree in this court.

The decree will be affirmed, with costs to the plaintiffs.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.