GROSHEAN ET AL., RESPONDENTS, *v.* DILLMONT REALTY CO., APPELLANT.

(No. 6,912.)

(Submitted April 13, 1932. Decided June 7, 1932.)

[12 Pac. (2d) 273.]

(227)

228

*Messrs. Gilbert, Gilbert & McFadden,* for Appellant, submitted a brief; *Mr. Theo. F. McFadden* argued the cause orally.

230

232

*Messrs. Rodgers & Collins,* for Respondents, submitted a brief; *Mr. John Collins* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by defendants from a judgment in favor of plaintiffs.

In their amended complaint, the plaintiffs allege the ownership by plaintiffs and defendant, respectively, of two tracts of land fronting on Bannack Street in Dillon; that upon these adjoining tracts of land a two-story brick building was constructed in 1889 by the owners of the respective tracts, and that upon the property line dividing the same there was erected

a party-wall by which the buildings are separated, and that the plaintiffs and defendant and their successors in interest have at all times since the construction thereof owned the party-wall. "5. That at the time said wall was constructed the then owners inserted. therein a door at the second story of the building by which free passage was intended to be and was afforded to the respective owners, their tenants and all persons having occasion to pass from one of the buildings to the other; and also afforded a convenient passage from the second story of plaintiffs' said premises to Bannack street by means of the stairway hereinafter mentioned. 6. That within the defendant's premises above mentioned at the westerly side thereof and adjoining said party wall there was then constructed a stairway which has its base and entrance at Bannack street on the first floor, and extends therefrom to the second floor, terminating at the door described in paragraph 5 hereof. 7. That at all times since said buildings and stairway were constructed, and until the commission of the acts of which plaintiffs hereinafter complain, the plaintiffs and their predecessors in interest, their tenants and all persons having occasion to enter the upper story of plaintiffs' said building, used said door and stairway continuously, openly, notoriously, exclusively, peaceably and adversely to the defendant and its predecessors in interest under a claim of right; and that such use and right are valuable to plaintiffs and constitute an easement upon the premises of the defendant above described, and which easement is appurtenant to the plaintiffs' said premises."

It is then alleged that in the month of August, 1929, the defendant, without the assent of plaintiffs, closed and locked the only door by which the use of the stairway by the plaintiffs could be enjoyed, and likewise closed up the door in the party-wall leading from the upper story of plaintiffs' premises to the stairway, and all of the obstructions are still maintained by the defendant.

. Plaintiffs prayed that plaintiffs be decreed to have an easement "through and upon" the stairway for the purpose of passage by plaintiffs and their tenants directly from Bannack

Street to the second story of plaintiffs' premises; and that the title to the easement be established and forever quieted in the plaintiffs, and that defendant and all persons in privity with it be enjoined from in any way interfering with their use of the stairway.

By answer the defendant admitted its ownership of the tract of land alleged to be owned by it in the complaint, denied the right of the plaintiffs to use the stairway, and, in substance, asserted that it and its predecessors in interest had purchased the premises from the original owner who erected the building, without any knowledge that the plaintiffs or their predecessors in interest claimed an easement in the stairway or the right to use the same, and set forth that all of the conveyances purported to convey an absolute title to the premises claimed by defendant, and that the alleged right of plaintiffs was extinguished and lost by nonuser with intent to abandon the same for a period of more than ten years prior to April 1, 1928. The plaintiffs denied the affirmative allegations of the answer.

The case came on for trial before the court sitting without a jury.

To clarify the discussion, the two men who erected the building, or buildings, were Stringham, plaintiffs' predecessor in interest, and Gardner, defendant's predecessor in interest. At the outset of the trial, counsel for defendant challenged the sufficiency of the complaint upon the assumption that paragraphs 5, 6 and 7 show that the use of the doorway and stairway by Stringham was, in its inception, permissive— in effect a revocable license. We do not see our way clear to take that view. There is no evidence to sustain it. We are unable to draw an inference to that effect. Reading the three paragraphs together it is more reasonable to infer that Stringham, as a consideration for constructing the party-wall, was to receive as of right free passage from his building by way of the stairway to Bannack Street. Otherwise, why should he have erected the party-wall, of which Gardner was to have an equal share, on the dividing line, and why should Gardner

have built a stairway alongside the party-wall within his own premises terminating on the second floor at a doorway which the two cut through the wall?

The evidence tends to sustain the inference we draw. It shows that Stringham erected the party-wall at his own expense. It shows, not only that the doorway gave each of the owners access to the other's building, but also that it gave Stringham the only way to his upper story from Bannack Street. For approximately forty years Stringham and his successors in interest used the doorway in the party-wall and the stairway as a means of egress from Stringham's premises to Bannack Street, and of ingress to the premises from Bannack Street.

At some time between the completion of the buildings and June, 1892, Stringham died. His lots and the building thereon passed by administrator's deed to his widow. She, on March 6, 1895, conveyed the same to one Hammer, who, his wife joining in the deed, on September 27, 1897, conveyed the same to Gooch and Coon; Gooch, as tenant in common with Coon and as sole owner, owned and possessed the same until February 28, 1910, when he sold to one Potter. There were subsequent transfers, but this phase of the case may be summed up by saying that by mesne conveyances the title and possession of the premises finally rested in the plaintiffs.

Gardner and his wife on March 2, 1889, conveyed their property by warranty deed, without mentioning the door or starway, to one Crow, who together with his wife on November 15, 1890, by warranty deed conveyed the same to the Dillon National Bank of Dillon. In this deed the grantors covenanted as follows: "And that the same are now free, clear, discharged and unincumbered of and from all former and other grants and uses, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature or kind soever." The defendant through mesne conveyances became the owner of the Gardner property on July 12, 1929, and has owned and possessed the same ever since. Nothing is said in any of the deeds introduced by plaintiffs, or by defendant, respecting the party-wall, or the door therein, or the stairway. Appar-

ently the upper floors of the respective buildings always were occupied continuously by their respective owners, personally or through tenants. Plaintiffs' predecessors were not interfered with until the situation arose which brought on this lawsuit, except in two instances, neither of which is of consequence.

The court, taking the view that Stringham's use of the stairway was permissive, found three occurrences, either of which would have revoked the permissive use, the last being in November, 1890: One was Gardner's conveyance of the property by a warranty deed which did not except therefrom the use of the stairway; another was the conveyance by Crow above referred to; and the other was Stringham's death. (17 R. C. L. 586, note 19; *DeHaro* v. *United States*, 5 Wall. 599, 18 L. Ed. 681; *Sallan Jewelry Co.* v. *Bird*, 240 Mich. 346, 215 N. W. 349; *Burkhart* v. *Zimmerman*, 239 Mich. 491, 214 N. W. 406; *Eckerson* v. *Crippen*, 110 N. Y. 585, 1 L. R. A. 487, 18 N. E. 443.) The court then found, upon the hypothesis of revocation of the permission, that Gooch had obtained an easement by prescription. In conclusion of law No. 2 the court declared: "The open, continuous, exclusive and peaceable and adverse use of the stairway and doorway in question by A. B. Coon and Charles Gooch from September 27, 1897, to February 28, 1910, as set forth in the foregoing findings of fact, became an easement appurtenant to the Stringham property during the ownership and possession of said property by Charles Gooch, and such easement has continued to exist ever since as an appurtenance to the Stringham property."

In our view the logical inference is that Stringham began ▆ his use under a claim of right. In the absence of any evidence on the subject, the presumption under the circumstances shown here would be that Stringham held under a claim of right and not by license of Gardner, and the same is true as to the successors in interest of each. In order to overcome that presumption, thereby saving its title from

the encumbrance of an easement, the burden is on the defendant to show that the use was permissive. (See *Stetson* v. *Youngquist,* 76 Mont. 600, 248 Pac. 196, 197; *Ferguson* v. *Standley,* 89 Mont. 489, 300 Pac. 245; *Glantz* v. *Gabel,* 66 Mont. 134, 212 Pac. 858; 2 Tiffany on Real Property, 2d ed., p. 2045; 1 Thompson on Real Property, sec. 475.) But if Stringham began by permission which was revoked, we think the court reached the right result. Under either theory, Gooch, who had title and possession under mesne conveyances from Stringham, occupying the upper floor of the Stringham building for more than ten years as tenant in common with Coon, and thereafter as sole owner, using the stairway as the court found, was the owner of the easement claimed.

" 'Occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all' (sec. 6818, Rev. Codes 1921; *Rude* v. *Marshall,* 54 Mont. 27, 166 Pac. 298; *Hays* v. *De Atley,* 65 Mont. 558, 212 Pac. 296, 298), ▮ and the title to an easement acquired by prescription is as effective as though evidenced by a deed (*Babcock* v. *Gregg,* 55 Mont. 317, 178 Pac. 284)." (*Stetson* v. *Youngquist,* supra; *Ferguson* v. *Standley,* supra.)

"Peaceable," as used in the court's finding, means continuous and uninterrupted. (Bancroft's Code Pleading, sec. 805; *Montecito Valley Water Co.* v. *Santa Barbara,* 144 Cal. 578, 77 Pac. 1113; *Stanley* v. *Schwalby,* 147 U. S. 508, 37 L. Ed. 259, 13 Sup. Ct. Rep. 418.) Having obtained title to the easement it continued to the month of August, 1929. The interruption of the use by one Eva Collett for about a month after plaintiffs became the owners is of no consequence.

No matter how the easement was acquired, mere nonuser ▮ for a less time than that required by the statute of limitations for the perfection of the easement raises no presumption of abandonment. (19 C. J. 944.)

After the right to use the doorway and the stairway, including as an incident the right to pass through the door at the street, became an appurtenance to plaintiffs' premises, the right of plaintiffs or their predecessors in interest thereto could only be divested by deed, prescription or by abandonment, and there is no proof of either. As to abandonment, see *Skelton* v. *Schenetzky*, 82 Ind. App. 432, 144 N. E. 144; 19 C. J. 944; 1 R. C. L. 3; 9 R. C. L. 813.

In general, the elements essential to adverse possession sufficient to extinguish an easement are very similar to those involved in the acquisition of an easement by prescription. In this state, section 6818, supra, applies to easements as well as to fee (*State* v. *Auchard*, 22 Mont. 14, 55 Pac. 361; *Stetson* v. *Youngquist*, supra).

Counsel for defendant argue that the doctrine of "tacking" is not applicable here for the reason that no mention of the right to use the stairway is made in the various deeds. But the rule is that tacking of prescriptive periods is permissible when there is a privity between the successive users of the easement. The doctrine seems to be that there is a sufficient privity as to the inchoate easement if the enjoyment is continuous and under the same claim of title. (Washburn on Easements and Servitudes, 159; 1 Thompson on Real Property, 519; 2 Tiffany on Real Property, 2d ed., p. 2067; *Leonard* v. *Leonard*, 7 Allen (Mass.), 277; *Coventon* v. *Seufert*, 23 Or. 548, 32 Pac. 508.)

Counsel further argue that, if plaintiff and their predecessors in interest ever used the stairway under a claim of right and adversely to the defendant or its predecessors in interest, such user was not communicated to anybody. But in view of the court's findings, amply supported by the evidence, we think no communication by word of mouth was necessary. We fail to see any merit in this argument. (See *Rude* v. *Marshall*, supra; *Pioneer Min. Co.* v. *Bannack Gold Min. Co.*, 60 Mont. 254, 198 Pac. 748; *Ferguson* v. *Standley*, supra.)

The excellent brief of defendant's counsel is grounded upon the theory that the use of the stairway by plaintiffs and their predecessors in interest was permissive, and they cite many well-considered authorities which they argue rule this case. But we think the authorities cited are not applicable to the conditions here. In practically every case they cite on the point they seek to make, there was testimony directly showing that the user was permissive. Even so, where it is shown that the permission has been revoked and the facts disclose that after the revocation an easement has been acquired by adverse possession, as the court found here, the authorities are ample to sustain the court's judgment. Where the user begins under a claim of right, the theory to which we incline, the authorities leave no doubt as to the correctness of the court's conclusion.

The judgment is affirmed.

ASSOCIATE JUSTICES GALEN, FORD, ANGSTMAN and MATTHEWS concur.