No. 88-350

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

ACE M. WOODS,

Plaintiff and Appellant,

-vs-

PAMELA A. HOULE, SEAN DUKE,

Defendants and Respondent.

_____

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ace M. Woods, pro se, Wisconsin Rapids, Wisconsin

For Respondent:

James A. Manley, Polson, Montana

_____

Submitted on Briefs: Oct. 27, 1988

Decided: December 14, 1988

Filed:

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In this case, the District Court, Twentieth Judicial District, Lake County, entered summary judgment in favor of Pamela A. Houle, granting her an easement for a roadway over lands owned by Ace M. Woods, trustee. The District Court judgment held that Pamela A. Houle held an easement by prescription, an easement by implication and an implied easement by way of necessity. We affirm the District Court on its finding of an easement by prescription, and reverse its holding that Pamela A. Houle established an easement by implication or an implied easement by way of necessity.

The District Court determined that defendant, Sean Duke, had not appeared in the action, made no claim to any easement over Woods' land, and judgment of dismissal was entered as to him. No issue involving Sean Duke is presented on this appeal.

Pamela Houle owns Lot 12, Block 6, Safety Bay Villa Sites, near Flathead Lake in Lake County, Montana. Her home is located on the lot, built on a cliff. Ace M. Woods, trustee, is the owner of Lot 11, which abuts and is immediately south of Lot 12. Because of the cliff, the driveway to the Houle home on Lot 12 curves to the south, crossing a part of Lot 11. This is the only road into the Houle household.

Prior to 1969, both Lots 11 and 12 were owned by Ace E. Woods and Margaret N. Woods. Subsequent deeds, affecting the road, may be listed as follows:

1969        Ace E. Woods and Margaret N. Woods deeded Lot 12 to Charles Barthrop. Six months following the deed, Charles Barthrop married Pamela Houle.

| | |
|---|---|
| 1970 | Charles Barthrop and Pamela built the home on the cliff on Lot 12, and the roadway access, part of which crossed Lot 11. |
| 1972 | Ace M. Woods and Margaret N. Woods deeded Lot 11 to Ace M. Woods, as trustee for relatives. At the time of this transfer, the road crossing Lot 11 to Lot 12 was in apparent and regular use. During the period October, 1971, through January, 1976, title to Lot 12 was held by D. J. Barthrop and others, but our record does not show a deed. |
| 1976 | Charles K. Barthrop and Pamela Houle were divorced. At that time, they held the property in joint ownership. Eventually, out of the marital dissolution, Pamela Houle, by quit claim deed in 1976 became the sole owner of Lot 11. |
| 1983 | Ace M. Woods, trustee, erected a barricade, blocking access to Lot 12. Pamela Houle removed the barricade from the roadway in question. |
| 1983 - 1984 | Counsel for Ace M. Woods and Pamela Houle made cross-claims as to the right of Houle to use the roadway. |
| 1987 | Quiet title action commenced. |

Ace M. Woods filed an action to quiet the title to Lot 11, in 1987, naming as defendants Pamela A. Houle and Sean Duke. The quiet title action placed in issue the easement claimed by Houle to use the roadway over Lot 11. Pamela Houle claimed the right to use the road under three theories: prescriptive easement, easement implied by reservation and easement by necessity.

PRESCRIPTIVE EASEMENT

The person who holds legal title to the real property is presumed to have been possessed thereof within the time required by law, and the occupation of that property by any other person is deemed to have been under and in

subordination of the legal title unless it appears that the property has been held in possession adversely to such legal title for five years before the commencement of the action. Section 70-19-404, MCA.

To establish a prescriptive easement, the party claiming the right must "show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period." Graham v. Mack (Mont. 1984), 699 P.2d 590, 595, 41 St.Rep. 2521, 2525, citing Thomas v. Barnum (1984), 211 Mont. 137, 684 P.2d 1106.

In support of a Rule 56, M.R.Civ.P. motion for summary judgment, Pamela Houle filed affidavits which recited facts that would fulfill the requirements for a prescriptive easement. It thereupon became the duty of Ace M. Woods, trustee, not to rest upon mere allegations or denials, but to respond by affidavit or otherwise, setting forth specific facts showing there was a genuine issue of material fact for trial. Rule 56, supra.

None of the deeds among the various parties listed above made any mention of the easement for the roadway utilized by Pamela Houle. The responses of Ace M. Woods to the affidavits filed by Houle are to the effect that the roadway was used by permission or indulgence of the owners of Lot 11, and not by possession adverse to them.

When Ace M. Woods took over the ownership of Lot 11 in 1972, the roadway over Lot 11 had been in existence for about two years. The use of the roadway, if adverse, had not yet ripened into a prescriptive easement because the statutory time period had not passed. Nothing in the record indicates that Ace M. Woods, orally or by other action, either granted permission, or prevented the use of the roadway until the erection of the barricade in 1983. It was the burden of Ace M. Woods to show that the use was permissive:

- 4 -

> In our view, the logical inference is that Stringham began his use under a claim of right. In the absence of any evidence on the subject, the presumption under the circumstances shown here would be that Stringham held under a claim of right and not by license of Gardner, and the same is true as to the successors in interest of each. In order to overcome that presumption, thereby saving its title from the encumbrance of an easement, the burden is on the defendant to show that the use was permissive . . .

Groshean, et al. v. Dillmont Realty Company (1932), 92 Mont. 227, 239-240, 12 P.2d 273, 275.

See also Rathbun v. Robson (1983), 203 Mont. 319, 661 P.2d 850; Stamm v. Kehrer (Mont. 1986), 720 P.2d 1194, 43 St.Rep. 1143.

Under the facts of this case, Pamela Houle was under no duty to communicate by word of mouth to Ace M. Woods or his predecessors in interest, that she was using the roadway under a claim of right and adversely to them. Groshean, supra, 92 Mont. at 241, 12 P.2d at 276.

Woods' contention in this case is that Charles Barthrop, D. K. Barthrop, and others were all relatives, and that their use of the roadway must have been permissive. Aside from conclusory allegations to that effect, we are left in the dark by Woods as to when and by whom permission, as distinguished from adverse user, was granted for the roadway. Woods failed to establish a genuine issue of material fact, and accordingly, we affirm the decision of the District Court, granting summary judgment to Pamela Houle on her claim of easement by prescription.

IMPLIED EASEMENT BY RESERVATION

The District Court further granted summary judgment to Pamela Houle on her claim of an easement by implication. On the facts here, we must reverse that holding.

Courts are reluctant to find easements by implication for the reason that such an action results in depriving a person of the use of his property by imposing a servitude by mere implication. Goeres v. Lindey's, Inc. (Mont. 1980), 619 P.2d 1194, 1197, 37 St.Rep. 1846.

Implied easements must rest upon an implied intent of the parties gathered from the circumstances surrounding the conveyance. Pioneer Mining Company v. Bannack Gold Mining Company (1921), 60 Mont. 254, 264, 198 P.2d 748; Graham v. Mack, supra. The claimed easement must be so apparent that it is discoverable upon reasonable inspection. Pioneer Mining Company, supra. Pamela Houle may have met those requirements, but she failed in other essentials. To create an easement by implication from a pre-existing use imposed on one part of the property for the benefit of another party, unity of title at the time of the severance thereof is required. 25 Am.Jur.2d 443 Easements, § 29. When A. E. Woods and Margaret N. Woods deeded the property to C. K. Barthrop, the road was not in existence. When A. E. Woods and Margaret N. Woods in 1972 deeded Lot 11 to Ace M. Woods, the road was in existence, but there was no longer unity of title of the two lots in the grantors. Thus, in Graham v. Mack, supra, 699 P.2d at 596, we held that an easement by implication could not be established because "the first element, unity of ownership, would not be met."

Accordingly, we reverse the summary judgment granting Pamela A. Houle an easement by implication. On this issue, Ace M. Woods is entitled to a summary judgment based on his cross-motion under Rule 56.

EASEMENT BY WAY OF NECESSITY

In like manner, the District Court granted summary judgment in favor of Pamela A. Houle for an easement by way of necessity. Again, we reverse.

In Graham v. Mack, supra, this Court, speaking of easements by way of necessity, said:

> There are two basic elements (1) unity of ownership; and, (2) strict necessity. The necessity must exist at the time the unified tracts are severed. (Citing authority.) The way granted must be over the grantor's land and never over the land of a third party or stranger to the title (citing authority) and finally there must be strict unity of ownership.

699 P.2d at 596.

None of the requirements for a way of necessity are met here. The evidence in this case is that the way of necessity does not give access to Pamela A. Houle from her land to a public road. Rather, the encroachment on Lot 11 goes from one part of Lot 12 to another part of Lot 12, passing over Lot 11. In that situation, no way of necessity can be created. Boumhoff v. Lochhaas (Mo. 1923), 253 S.W. 762. Indeed in this case, it appears that the road, after leaving the property of the parties must traverse another mile and a half to get to a public road, over the properties of third parties. Under Graham v. Mack, supra, a way of necessity may not exist in that situation. 699 P.2d at 597.

Finally, a way of necessity is incompatible with a prescriptive right for the same easement. A prescriptive right never accrues in a way of necessity as long as the necessity continues. Hanna v. Means (Fla.App. 1975), 319 So.2d 61, 64.

Again, summary judgment on this issue in favor of Pamela A. Houle is reversed and Ace M. Woods is entitled to summary judgment on his cross-motion under Rule 56.

SUMMATION

We affirm the summary judgment granted by the District Court, finding a prescriptive easement over the lands of Ace M. Woods to serve the dominant ownership of Pamela Houle. We

reverse the District Court's judgments of easements by implication and by way of necessity, and direct the entry of summary judgments in favor of Ace M. Woods on those issues. No costs to either party.

_____
Justice

We concur:

_____

_____

_____

_____
Justices