No. 88-371

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

ROBERT E. DENNIS,

       Plaintiff and Appellant,

   -vs-

TOMAHAWK SERVICES, INC., a Montana Corporation,

       Defendant and Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable G. Todd Baugh, Judge Presiding.

COUNSEL OF RECORD:

    For Appellant:

        S. Charles Sprinkle, Douglas and Sprinkle; Libby, MT

    For Respondent:

        Kelly J. Varnes, Burdett Law Firm, P.C.; Billings, MT

_____

              Submitted on Briefs: December 22, 1988

                  Decided: January 17, 1989

FILED
'89 JAN 17 AM 10 55
MONTANA SUPREME COURT
Filed:

ED SMITH
_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Employee Robert E. Dennis (Dennis) filed suit against his former employer, defendant Tomahawk Services, Inc. (Tomahawk), claiming unpaid wages for time and a half overtime as well as compensation for attorney fees and costs allowable under 29 USC § 201 et seq., the Fair Labor Standards Act of 1938 (Act). Compensation was denied by the District Court, Thirteenth Judicial District, Yellowstone County, sitting without a jury. Plaintiff appeals. We affirm.

The issue on appeal is whether the District Court erred in finding that Tomahawk did not violate the Act because Dennis was exempt from the overtime pay provision in the Act.

Cases involving exemptions from overtime pay requirements, by their nature, are primarily questions of fact. Goldberg v. Arkansas Best Freight System, Inc. (W. D. Ark. 1962), 206 F.Supp. 828.

The standard of review for a civil case for a judge sitting without a jury is whether or not the District Court's findings are clearly erroneous. See, In Re the Marriage of Stewart (Mont. 1988), 757 P.2d 765, 45 St.Rep. 850 (the standard of review announced in Stewart for marital dissolution cases is the same for all civil cases). Thus, this Court will not substitute its judgment for that of the trial court's absent that showing, even where there is evidence in the record to support appellant's contentions.

The law controlling this issue is found at 29 USC § 201 et seq., and reads in pertinent part:

[Section 207]

(a)(1) Except as otherwise provided in this Section, no employer shall employ any of his employees who in any work week is engaged in commerce, or in the production of goods for commerce, or is

2

employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

[Section 213]

(a) The provision of sections 206 and 207 of this Title shall not apply with respect to

(1) bona fide executive, administrative, or professional capacity . . .

Volume 29 C.F.R. § 541.2 (1986) is helpful when interpreting the Act. It reads in pertinent part, the language "employee employed in a bona fide administrative capacity" means any employee whose primary duty consists of the following:

1. Office or nonmanual work directly related to management policies or general business operations, and

2. Customarily and regularly exercises discretion and independent judgment, and

3. Regularly and directly assists a proprietor or an employee in a bona fide executive or administrative capacity, or performs under general supervision work along specialized or technical lines requiring special . . . knowledge, or executes under only general supervision special assignments and tasks, and

4. Does not devote more than 20 percent of his hours worked to activities which are not directly and closely related to the performance of work described in this section of the federal regulations and was compensated on a salary in

3

excess of $155.00 per week. [Emphasis added.]

Thus, the case turns on the nature and characterization of the duties performed by the employee. A District Court finding that Dennis, as dispatcher, served in an administrative capacity, exercising judgment, exempts the employer from paying time and a half overtime compensation for hours worked in excess of 40 per week.

Dennis contends that the trial court's finding that he exercised discretion and judgment in his job is clearly erroneous because it was not supported in the record by substantial credible evidence. Thus, it was an abuse of discretion to deny plaintiff's claims. We disagree.

Dennis worked as a dispatcher for Tomahawk from November 11, 1985, until October 15, 1986. Apparently he received a raise in salary in May 1986 from $1400 per month to $1800 per month. He worked from 7:00 a.m. until 6:00 p.m. each day during the week and part days on alternating weekends, although his pay stubs reflect that he was a salaried employee at 40 hours per week. Dennis was never paid any overtime compensation for hours worked in excess of 40 per week. Some eleven months after he terminated his employment at Tomahawk, Dennis claimed he was entitled to overtime and sought recovery of the same, along with attorney fees and costs.

The duties performed by Dennis at Tomahawk were many and varied. However, there is an inescapable conclusion that Dennis customarily made many decisions during his work day which required him to use his discretion and exercise some independent judgment although most decisions were subject to review at a later date.

It was demonstrated at trial that Dennis, in order to control the drivers, exercised discretion in the execution of the following:

4

(a) whether or not to issue a $50 fine to a driver for failure to complete the mandatory morning "check call" giving their location, estimated time of arrival (ETA), etc.;

(b) whether or not to prepare written reports on the drivers for refusal to follow company policy;

(c) monitoring drivers' off days and mileage reports;

(d) monitoring truck repairs and drivers' health care problems for approximately 40 trucks;

(e) issuing or withholding checks to drivers for daily expenses on the road, personal advances, and emergency repairs; and

(f) having verbal input to superiors regarding driver reprimands, hiring, firing, performance and productivity.

It is clear from the record that many of Dennis's decisions were reviewed and that he worked within the limitations of established company policy. That there were limitations on or supervision over Dennis does not dissolve his exercise of independent judgment and discretion, see 29 C.F.R. 541.207(d) (1986); nor does later review or reversal of decisions. Id.

There is case authority from other jurisdictions which supports the District Court ruling that Dennis's duties as a dispatcher fit the administrative employee exception. In Harrison v. Preston Trucking Co. (1962), 201 F.Supp. 654, Harrison was a day dispatcher for an interstate trucking company who regularly exercised discretion thereby falling under the administrative exception to the Act.

Although the duties vary somewhat, we find the analysis in Harrison persuasive. Harrison, as a day dispatcher, supervised handlers of freight and assignment, departure time and pickup duties of about twenty trucks. Because of his familiarity with the drivers and his first-hand knowledge of their productivity, Harrison had verbal input toward driver

5

firing and hiring decisions, similar to Dennis's own situation. Harrison was allowed to make recommendations on these issues, which always needed supervisory approval.

We find this exercise of opinion and judgment a telling factor in both Harrison and the case at bar.

The dispatcher was the only Tomahawk employee to have such constant contact with the drivers. That contact put Dennis in a position to be familiar with the drivers, their productivity, reliability and veracity. Dennis regularly made many decisions based on that knowledge. At trial, there was testimony that the knowledge of the dispatcher was valuable and his opinions and recommendations based on that knowledge were highly regarded. Monitoring drivers, forming opinions and making recommendations certainly was an important part of Dennis's job. Such duties are evidence of his routine exercise of independent judgment and discretion.

The record contains substantial credible evidence supporting the trial court's finding that Dennis acted in an administrative capacity. Dennis downplayed his duties and decisions at trial, emphasizing the need for many of his decisions to be reviewed by department heads. However, the judge, sitting without a jury, is entirely free to view a witness's testimony with skepticism. As was noted in Goldberg, supra, there is a tendency for the employee to minimize his discretionary duties. Additionally, the court expressed concern regarding Dennis's delay in asserting his claim for overtime pay which came eleven months after his one-year tenure with Tomahawk was terminated, when "he had nothing to lose and everything to gain."

A ruling based on Tomahawk's substantial credible testimony of Dennis's supervisor Horning, other fellow employees and another dispatcher is not clearly erroneous.

6

Based on the foregoing substantial credible evidence, we find no error.

Judgment affirmed.

_J. A. Turnage_
Chief Justice

We concur:

_William E. Hunt Sr_

_John C. Sheehy_

Justices