No. 90-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

JAMES B. FORDYCE and THELMA FORDYCE

Plaintiffs and Appellants,

-v-

LEROY MUSICK and STEVEN MUSICK,

Defendants and Respondents.

FILED

NOV 15 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Timothy J. O'Hare, Lewistown, Montana

    For Respondent:

        Robert L. Johnson, Lewistown, Montana


                    Submitted on Briefs:  September 13, 1990

                            Decided:  November 15, 1990

Filed:

_____
                    Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs, James and Thelma Fordyce (Fordyces) initiated this action for rescission of a Farm Lease Agreement against defendants, Leroy and Steven Musick (Musicks), alleging that the Musicks breached the agreement. The Musicks counterclaimed alleging breach of the agreement and seeking damages for breach. Following a non-jury trial, the District Court for the Tenth Judicial District, Fergus County, entered judgment for the Musicks and awarded damages in the amount of $69,540.53 plus costs. The Fordyces appeal. We affirm.

The issues are:

(1) Did the District Court err in finding that the Musicks sustained a loss of income for 1987 and 1988 due to acreage restrictions imposed under the Conservation Reserve Program (CRP) administered by the Agricultural Stabilization and Conservation Service (ASCS)?

(2) Did the District Court err in awarding damages to the Musicks even though their family farm corporation, Bar Elsky Ranch, Inc., was shown on the ASCS records as the operator of the farm?

The Fordyces own farm land in Fergus County, and the Musicks have farmed that land under lease for many years. On April 1, 1977, the parties executed a ten year lease. On April 1, 1982, the parties renegotiated and executed a new ten year lease. On January 10, 1987, the Fordyces wrote a letter to the Musicks, claiming that the Fordyces had not signed the 1982 lease and that the lease would expire on April 1, 1987, under the 1977 lease. The Fordyces then

made application with the ASCS to retire their land from agricultural production for ten years through the CRP with all the payments from the program to be paid to the Fordyces.

The Musicks made timely protest with the ASCS and submitted evidence to the agency that the 1982 lease was indeed executed, and that the lease permitted the Musicks to farm the land through 1992. The ASCS nevertheless honored the Fordyces' application, and the Musicks were unable to plant crops on the leased land for 1987 and 1988 in order to comply with the rules of the ASCS to receive federal deficiency payments for the Musicks' entire farming operation.

On July 23, 1987, the Fordyces, through counsel, sent the Musicks a "Notice of Default" claiming that the Musicks allowed noxious weeks to grow on the Fordyces' land. The lease contains a weed control provision making the elimination of noxious weeds an eventual goal. The Musicks refused to yield up the land to the Fordyces and the Fordyces brought this action for rescission of the lease. The Musicks counter-claimed, seeking damages for 1987 and 1988 while the land was unable to be planted under the CRP restrictions.

## I

Did the District Court err in finding that the Musicks sustained a loss of income for 1987 and 1988 due to acreage restrictions imposed under the CRP administered by the ASCS?

The Fordyces argue that there is not substantial credible evidence in the record to support the Musicks' claim for damages.

The Fordyces contend that the record shows that the damages were actually caused by the Musicks' bad business decisions.

The standard of review for a civil case for a judge sitting without a jury is whether or not the District Court's findings are clearly erroneous. Dennis v. Tomahawk Services, Inc. (1989), 235 Mont. 378, 379, 767 P.2d 346, 347. This Court will not substitute its judgment for that of the trial court absent that showing, even where there is evidence in the record to support appellant's contentions. Id.

Because of the CRP and in order to comply with the federal rules to receive federal deficiency payments for their entire farming operations, the Musicks elected in 1987 to plow up the 83.3 acres of pubescent wheat grass seed planted on the land leased from the Fordyces. The Fordyces argue that if the Musicks would have elected to plow up wheat and barley instead, their damages would not have been as great.

The matter of which field to idle was only one of many decisions facing the Musicks because of the Fordyces' wrongful enrollment of the leased land into the CRP. In making those decisions the Musicks had a duty to act reasonably under the circumstances so as not to unnecessarily enlarge their damages. Bronken's Good Time Co. v. J.W. Brown (1983), 203 Mont. 427, 432, 661 P.2d 861, 864. The law does not require those decisions to be unerringly correct with the benefit of hindsight. If a choice of two reasonable courses presents itself, the person whose wrong forced the choice cannot complain that one rather than the other

4

is chosen. Hogland v. Klein (1956), 49 Wash. 2d 216, 298 P.2d 1099, 1102.

Whether the injured party violated his duty to mitigate damages is a question for the trier of fact when there is conflicting evidence. Bronken's, at 433, 661 P.2d at 861. We have carefully reviewed the record and find there is substantial credible evidence to support the District Court's findings. We hold that the District Court did not err in finding that the Musicks sustained a loss of income for 1987 and 1988 due to acreage restrictions imposed under the CRP administered by the ASCS.

II

Did the District Court err in awarding damages to the Musicks even though their family corporation, Bar Elsky Ranch, Inc., was shown on the ASCS records as the operator of the farm?

The Fordyces claim that Musicks' family farm corporation, Bar Elsky Ranch, Inc., is the real party in interest. Bar Elsky Ranch was not a party to the lawsuit and thus Fordyces argue that the District Court erred in awarding damages to the Musicks under Rule 17(a), M.R.Civ.P., which states in part "[e]very action shall be prosecuted in the name of the real party in interest."

It is elementary law that a contract binds no one but the contracting parties. Gambles v. Perdue (1977), 175 Mont. 112, 115, 572 P.2d 1241, 1243. The obligation of the contract is limited to the contracting parties, and ordinarily only those who are parties to the contract are liable for their breach. Id. Therefore if the contracting parties are before the court, they are the proper

5

parties even though a party not before the court, such as Bar Elsky Ranch, had the benefit of one contracting party's performance. The evidence does not show that Bar Elsky Ranch had any ownership rights in the lease and therefore Bar Elsky Ranch was not a real party in interest in this action. We hold that the District Court did not err in awarding damages to the Musicks even though their family farm corporation, Bar Elsky Ranch, Inc., was shown on the ASCS records as the operator of the farm.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6