No. 95-190

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

ANNABELLE GLENN,

Plaintiff and Respondent,

v.

SIGNE GROSFIELD, EDWIN GROSFIELD (deceased),
and ABE GROSFIELD,

Defendants and Appellants.

**FILED**

NOV 21 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Norman H. Grosfield, Utick & Grosfield,
Helena, Montana

For Respondent:

Guy W. Rogers, Brown, Gerbase, Cebull, Fulton,
Harman & Ross, Billings, Montana


Submitted on Briefs:  September 13, 1995

Decided:  November 21, 1995

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiff, Annabelle Glenn, filed a complaint and application for preliminary and permanent injunction in the District Court for the First Judicial District in Lewis and Clark County in order to compel defendants, the Grosfields, to remove a fence they had erected across a roadway which provided access to Glenn's property. The District Court held that Glenn and the Grosfields had mutually consented to the relocation of the original prescriptive easement and granted a permanent injunction forbidding blockage of the new roadway. Grosfields appeal that decision. We reverse the order and judgment of the District Court.

The dispositive issue on appeal is whether the District Court erred when it held that the location of the existing prescriptive easement could be changed based on the "tacit" consent of the defendants.

## FACTUAL BACKGROUND

Annabelle Glenn is the owner of approximately one and one-quarter acres of real property located near Lincoln, Montana. Glenn's property is part of a larger five-acre tract of land owned by her and her relatives, the Dunlaps, and the Dolsons. The five-acre tract has been used by Glenn and her relatives primarily as recreational property.

The Grosfields own land which surrounds the land owned by Glenn and her relatives. Glenn, her neighbors, or her predecessors had gained access to their property for nearly 100 years by use of

2

a dirt road which crossed the land owned by Dunlaps, Dolsons, and Grosfields. Grosfields concede that Glenn and her neighbors established a prescriptive easement across this "old road" for access to their property.

In 1986, Glenn fenced her parcel of land. In 1992 and 1993, Dolsons and Dunlaps fenced their land.

So that it would not be necessary to install cattle guards or gates in their fences, Glenn, Dolsons, and Dunlaps quit using a portion of the old road and began using a new road which avoided Dolsons' property and traversed a greater portion of Grosfields' property.

Glenn and her neighbors began using the new road without specifically asking permission to use the portion of the road located on Grosfields' property. All the property owners, including the Grosfields, used the new road for approximately two years, until September 1994, when the Grosfields placed a barbed wire fence across the portion of the road located on their property.

Abe Grosfield testified at trial that he fenced the road on his property for his cattle ranch. He further testified that he never intended to relocate the road easement and that he used the new road because Glenn and her neighbors fenced off the old road. Grosfield also testified that at one time he graveled a small portion of the new road for his own use.

3

The District Court found that although Grosfields did not express an intent, either oral or written, that the easement be permanently relocated, neither did they expressly object to the easement relocation. The court found, therefore, that Grosfields gave their "tacit" consent for relocation of the easement.

On November 15, after a hearing, the District Court granted a preliminary injunction which required Grosfields to remove the fence they had erected. On March 24, after a trial on the merits, the District Court held that Glenn and the Grosfields had mutually consented to the relocation of the original prescriptive easement and granted an injunction which forbade blockage of the new roadway.

## DISCUSSION

Did the District Court err when it held that the location of the existing prescriptive easement could be changed based on the "tacit" consent of the defendants?

The standard of review for a district court's findings of fact is whether they are clearly erroneous. Rule 52(a), M.R.Civ.P.; *Brown v. Tintinger* (1990), 245 Mont. 373, 377, 801 P.2d 607, 609. Conclusions of law are reviewed to determine whether the court's interpretation and application of the law is correct. *Jim's Excavating Serv., Inc. v. HKM Assocs.* (1994), 265 Mont. 494, 501, 878 P.2d 248, 252.

Grosfields contend that the District Court erred when it found that they consented to relocation of the easement and when it concluded that the "new road" constitutes an easement by

4

prescription. We need not discuss the former contention because the latter claim is dispositive.

Section 70-20-101, MCA, provides:

No estate or interest in real property, other than an estate at will or for a term not exceeding 1 year can be created, granted, assigned, surrendered, or declared otherwise than by operation of law or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring it or by his lawful agent thereunto authorized by writing.

An easement is a nonpossessory interest in land, and therefore, it cannot be created, granted, or transferred except by operation of law, by an instrument in writing, or by prescription. *Wild River Adventures v. Board of Trustees* (1991), 248 Mont. 397, 400, 812 P.2d 344, 346; *see also Prentice v. McKay* (1909), 38 Mont. 114, 118, 98 P. 1081, 1083. Easements by prescription are created by operation of law. *Woods v. Houle* (1988), 235 Mont. 158, 160-62, 766 P.2d 250, 252.

To establish an easement by prescription, the party claiming an easement "must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period. The statutory period is five years."

*Unruh v. Tash* (Mont. 1995), 896 P.2d 433, 435, 52 St. Rep. 425, 427 (quoting *Public Lands Access Ass'n, Inc. v. Boone & Crockett Club Found., Inc.* (1993), 259 Mont. 279, 283, 856 P.2d 525, 527). All elements must be proven because "one who has legal title should not be forced to give up what is rightfully his without the opportunity to know that his title is in jeopardy and that he can fight for it." *Unruh*, 896 P.2d at 436 (quoting *Public Lands Access*, 856 P.2d at 527). Even though

5

all elements are necessary to establish a prescriptive easement, this Court has stated that if the period of time in question is less than the statutorily prescribed five years, it is "immaterial" whether the defendant's use was adverse or permissive--no prescriptive easement can be perfected without passage of the required five years. *Brown*, 801 P.2d at 609-10.

In this case, the parties agree that the "new road" was used for only two years. Therefore, we hold that Glenn is unable to establish an interest in a "new road" by prescriptive easement.

Glenn contends, based on our decision in *Scott v. Weinheimer* (1962), 140 Mont. 554, 562, 374 P.2d 91, 96, that the location of a prescriptive easement can be changed by mutual consent of the parties, and presumably without the necessity of a written easement. Reliance on *Scott* is misplaced. *Scott* involved an action to enforce a prescriptive easement across the adjoining land of the plaintiffs' neighbors which had been used by the plaintiffs and their predecessors for 45 years. During the 45-year period, the defendants changed the location of the road and contended that the change invalidated the easement sought by the plaintiffs. *Scott*, 374 P.2d at 93.

This Court held that "[t]he plaintiffs' right in the easement, as modified, became fixed after ten years acquiescence by both parties." *Scott*, 374 P.2d at 96. In so holding, the Court reasoned that while the plaintiffs did not expressly agree to the change, they acquiesced in the change and used the changed road for a

6

period exceeding the statutory requirement for establishing a prescriptive easement. (At that time, use for ten years was required.) *Scott*, 374 P.2d at 96. To the extent that *Scott* suggests that a prescriptive easement can be relocated by verbal or tacit consent, it is overruled.

In *Scott*, the plaintiffs met the ten-year statutory requirement. Glenn did not meet Montana's five-year statutory requirement.

For these reasons, we hold that the District Court erred when it concluded that the location of the plaintiff's prescriptive easement could be changed by Grosfields' tacit consent without an instrument in writing which evidenced an intent to do so and without satisfying the requirements for an easement by prescription. We remand to the District Court for entry of judgment for the defendants.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices