No. 95-096

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

SWANDAL RANCH CO,

      Plaintiff and Appellant,

  v.

JIM HUNT, TERRY SARRAZIN and CARLO
CEIRI, Commissioners of Park County;
and PARK COUNTY, a political subdivision
of the State of Montana, and ROBERT H.
BURNS, HORATIO W. BURNS, SETH S. BURNS,
LINDSAY H. BURNS and CAMERON H. BURNS,

      Defendants and Respondents.



FILED

APR 23 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Sixth Judicial District,
                In and for the County of Park,
                The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Belinda D. Rinker, Bozeman, Montana

      For Respondent:

          David L. Weaver, Bozeman, Montana; Leanne M.
          Schraudner, Schraudner & Hillier, Bozeman, Montana

Submitted on Briefs:  January 11, 1996

Decided:  April 23, 1996

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant, Swandal Ranch Company, appeals the November 1994 judgment of the Sixth Judicial District Court, Park County, granting Park County a prescriptive easement to "Wallrock Road."

We affirm.

The sole issue raised on appeal is: did the District Court err in concluding that Park County had established a county road through the Swandal Ranch by prescriptive use?

## FACTS

The Swandal Ranch Company (SRC) owns Sections 29 and 30, Township 4 North, Range 8 East, in Park County, Montana. The predecessors to SRC, Nels and Thora Swandal, acquired title to the land in 1946. In 1993, SRC commenced action to quiet title to a stretch of roadway on the ranch, which is commonly referred to as Wallrock Road.

Wallrock Road begins at Highway 89, about three miles north of Wilsall, Montana, and continues through the Swandal Ranch in Sections 29 and 30 until it reaches a point in neighboring Gallatin County. Sometime between 1990 and 1992, SRC began locking a gate at the entrance of its land on Wallrock Road.

SRC then began proceedings to quiet title to Wallrock Road against the Park County Commissioners and Park County (Park County). Park County answered SRC's complaint by asserting that the county had established a public easement through prescriptive use and pursuant to the statutory process. According to SRC's brief, prior to trial SRC moved for summary judgment on Park

2

County's claim of an easement by statutory process and the District Court granted the motion. The issue of the county's claim to an easement by statutory process has not been raised in this appeal.

The owners of the property adjoining SRC's land, Robert H. Burns and family (Burns), were granted permission to intervene as defendants. The Burns alleged they held a private easement to Wallrock Road based on prescriptive use.

A bench trial was held in August 1994. Witnesses testified that Wallrock Road was used by area landowners, hunters, loggers, and recreationists. Park County introduced the maintenance records for Wallrock Road. A Park County employee testified that the county had maintained the road from 1956 to 1989, this included installing a culvert in the mid-1950's. Maintenance ceased after SRC began locking the gate to the entrance of the ranch.

Other evidence included area maps that identified Wallrock Road as a county road. Park County also presented a 1950 declaration by Park County Commissioners that Wallrock was a county road, and the subsequent publication of the Commissioners' meeting minutes containing this declaration in a local newspaper.

Following the trial, the District Court concluded that the Burns had not established a prescriptive easement to the road, but that Park County had. Judgment was entered and Wallrock Road was declared a Park County road.

SRC appeals.

## STANDARD OF REVIEW

A district court's findings of fact will not be set aside unless they are clearly erroneous. Rule 52(a), M.R.Civ.P.; Glenn v. Grosfield (Mont. 1995), 906 P.2d 201, 202, 52 St.Rep. 1150, 1151. Conclusions of law by a district court are reviewed to determine whether the tribunal's interpretation of the law is correct. Public Lands Access, Inc. v. Boone and Crockett (1993), 259 Mont. 279, 283, 856 P.2d 525, 527.

## DISCUSSION

Did the District Court err in concluding that Park County had established a county road through the Swandal Ranch by prescriptive use?

On appeal, SRC argues that Park County's claim of a prescriptive easement to Wallrock Road fails for two reasons. First, SRC contends Park County failed to prove the element of adversity necessary to establish a prescriptive easement. Second, SRC alleges that the public use of Wallrock Road was permissive and therefore could not ripen into prescriptive use.

In Montana, a prescriptive easement is created by operation of the law. See Woods v. Houle (1988), 235 Mont. 158, 160-62, 766 P.2d 250, 252. To establish either a public or private easement by prescription, the party claiming the easement must show "open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period. The statutory period is five years." Section 70-19-404, MCA; Unruh v. Tash (1995), 271 Mont. 246, 250, 896 P.2d 433, 435. The elements of

4

prescriptive easement have been defined through case law. See Rappold v. Durocher (1993), 257 Mont. 329, 849 P.2d 1017; Lemont Land Corp. v. Rogers (1994), 269 Mont. 180, 887 P.2d 724.

In prior cases, this Court has discussed the public acquisition of a prescriptive easement to a private road:

> That the public may acquire the right by prescription to pass over private land is undisputed and such is the law in Montana. To establish the existence of a public road by prescription it must be shown that the public followed a fixed and definite course continuously and uninterruptedly for the prescribed statutory period together with an assumption of control and adverse to the owner...

Granite County v. Komberec (1990), 245 Mont. 252, 257, 800 P.2d 166, 169.

SRC first contests the District Court's findings and conclusions with respect to the requirement of adversity. Specifically, SRC argues that the evidence presented by Park County failed to prove the element of adversity.

In order for a claim to be adverse, "the use of the alleged easement must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owner of the land; such claim must be known to, and acquiesced in by, the owner of the land." Rappold, 849 P.2d at 1019 (citing Keebler v. Harding (1991), 247 Mont. 518, 521, 807 P.2d 1354, 1356-57).

In support of its argument, SRC argues that evidence regarding the declaration of Wallrock Road as a county road was misconstrued by the District Court. This evidence was used by the District Court in Finding of Fact No. 58:

5

> That the action of the Park County Commissioners specifically declaring that portion of the Wallrock Road traversing Sections 29 and 30 of Township 4 North, Range 8 East as a county road on October 3, 1950, and published in the Livingston Enterprise on Monday, November 27, 1950, a newspaper of general circulation in Park County, was sufficient to give the Plaintiffs and their predecessors in interest, actual knowledge of the adverse use and hostile claim of Park County. . .

SRC contends that the County Commissioner's 1950 declaration of Wallrock Road as a county road and the subsequent publication of its meeting minutes in the local newspaper were not intended to assert an adverse claim to Wallrock Road. Instead, SRC contends that the Commissioners made the 1950 declaration merely to facilitate a related land purchase, and that the Commissioners did not intend to put the affected landowners on notice of an adverse claim.

Park County has conceded that the October, 1950 action by the County Commissioners was legally inadequate to create a county road through the statutory process. Park County's claim to statutory easement was dismissed by partial summary judgment prior to trial, and has not been raised for review on this appeal.

In spite of this, the evidence regarding the 1950 declaration and subsequent publication of the minutes is relevant to a claim of prescriptive easement. Regardless of the intent of the Commissioners, this evidence can be used to support a finding that SRC had knowledge of Park County's adverse claim to Wallrock Road in 1950.

6

Next, SRC argues the evidence of the maintenance of Wallrock Road was intermittent and nonexclusive, and therefore does not support the element of adversity.

However, the record indicates that the maintenance was not "intermittent" rather, that it was performed on a regular basis every year. While the records were not available for the entire period from 1950 to 1992, a Park County employee, Robert Youngberg, testified that he had either graded or directed the maintenance of Wallrock Road to the Gallatin County line from 1956 until his retirement in 1989. The county discontinued maintenance only after SRC began locking the gate to the entrance to the ranch on Wallrock Road. Additional evidence established that Park County had improved the road by installing a culvert on Wallrock Road in Section 29 in the mid-1950's.

Furthermore, the 1950 declaration and records of road maintenance represent only a portion of Park County's evidence supporting the element of adversity. Park County provided other evidence indicating adverse use. Several witnesses testified that the road was used to support logging and timber hauling, provide access to seasonal residences, and to haul livestock. The county presented several maps, including a "Clerk Recorders Map" of 1936, and a 1960 State of Montana document entitled "Montana County Maps," both of which delineate the road through Sections 29 and 30 as a Park County road.

A District Court's findings of fact must be supported by substantial evidence, which is the amount of relevant evidence a

7

courtesy are permissive in nature and therefore the use cannot be construed as adverse. Public Lands, 856 P.2d at 528. SRC argues that witnesses, including the Burns and the Swandals agree that the shared use of the road was an agreeable neighborly practice.

In contrast, Park County presented members of the general public, besides the neighboring Burns, who testified that they had not sought permission from SRC to use Wallrock Road. Furthermore, Park County argued that prior to the annual maintenance of Wallrock Road, county employees did not contact the Swandals for permission to grade the road. Park County also argues that SRC's theory of "neighborly accommodation" does not apply in this situation because Park County is not claiming a private prescriptive easement. Therefore, by its very nature, "neighborly accommodation" is not relevant.

At trial, both sides presented evidence as to whether use of the road was permissive or adverse. A review of the record shows that Park County submitted substantial evidence to show the use of the road was not permissive, this Court has held that a district court sitting as a fact finder, is in the best position to determine whether use was permissive or adverse. Granite, 800 P.2d at 169.

The District Court found and we agree that the substantial evidence supports a finding that the use of Wallrock Road was not neighborly accommodation, and was therefore not permissive.

Affirmed.

_____
Justice

9