No. 97-336

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 147N

EDITH KINNEY,

Plaintiff and Appellant,

vs.

H. W. BURNS FAMILY L.L.C.,
ROBERT H. BURNS and
HORATIO WINSPEAR BURNS,

Defendants and Respondents.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Sweet Grass,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lee Overfelt, Gary Overfelt, Billings, Montana

For Respondent:

David L. Weaver, Morgan, Cameron & Weaver, Bozeman,
Montana

Submitted on Briefs: November 13, 1997

Decided: June 9,1998
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    This is an appeal from the findings of fact, conclusions of law and judgment of the Sixth Judicial District Court, Sweet Grass County, wherein the court concluded that Plaintiff Kinney (Kinney) failed to establish, acquire or otherwise gain a prescriptive easement across the property of Defendants H. W. Burns Family L.L.C., et al., (Burns) located in Sweet Grass County, Montana.  We affirm.

¶3    We restate the following issues raised on appeal:

¶4    1.    Did the District Court correctly conclude that Kinney failed to establish a prescriptive easement across Burns' property?

¶5    2.    Did the District Court properly set forth its findings of fact and conclusions of law?

¶6    3.    Did the District Court err by commenting on Stan Kinney's credibility as a witness in Finding of Fact. No. 69?
           FACTUAL AND PROCEDURAL BACKGROUND

¶7    Both Kinney and Burns own property in Sweet Grass County, Montana. Purchased in 1953 from her mother, Hanna Rudd, Kinney's property is more particularly described as:
      Southeast quarter of the Northwest quarter (SE¬ NW¬),
      Southwest quarter (SW¬), West half of the Southeast quarter
      (W« SE¬) and the Southeast quarter of the Southeast quarter
      (SE¬ SE¬) of Section Twenty-Six (26), Township Two (2)
      North, Range Thirteen (13) East.
Property owned by Burns relevant to this action is described as:
      Township Two (2) North, Range Fourteen (14) East:
             Sections Nineteen (19), Twenty (20), Twenty-Nine (29),
             Thirty (30), and Thirty-One (31).
             Township Two (2) North, Range Thirteen (13) East:
             Sections Thirty-five (35) and Thirty-Six (36).

Defendant Robert H. Burns, purchased this property in 1951 and later sold this

property to the H. W. Burns Family L.L.C. in 1994, excepting only Section 36 which was purchased by Horatio W. Burns from the State of Montana in November 1964 and is still owned by him.

¶8    Defendant H. W. Burns Family L.L.C. and Horatio Burns are the record owners of a private road located on their property (Burns Road) which is more particularly located at:

> Beginning on the Swamp Creek road near the Southwest corner of Section Twenty (20), Township Two (2) North, Range Fourteen (14) East and proceeding in a Southwesterly direction through a portion of Sections Nineteen (19), Thirty (30), and Thirty-One (31) in the above township and range to the Southern portion of Section Thirty-Six (36), Township Two (2) North, Range Thirteen (13) East.  The road then proceeds in a Northwesterly direction through a portion of Sections Thirty-Six (36), and Thirty-Five (35) in Township Two (2) North, Range Thirteen (13) East and beyond Defendants' western property line.

Kinney and her predecessors as well as her son, Stan Kinney, have historically accessed Kinney's property by using Burns Road as well as a road entering Burns' property from the south (Whitetail Creek Road).

¶9    On April 27, 1995, Kinney filed a complaint in the Sixth Judicial District Court, Sweet Grass County, to enjoin Burns from interfering with her use of her alleged prescriptive easement through Burns' property over Burns Road.  On April 17, 1996, during a non-jury trial, the District Court heard testimony and received evidence concerning Kinney's alleged prescriptive easement across Burns' property.  On February 28, 1997, the court entered its findings of fact and conclusions of law and on March 11, 1997, entered judgment in favor of Burns concluding that Kinney had failed to establish a prescriptive easement across Burns' property.  This appeal followed.

                    STANDARD OF REVIEW

¶10  Our standard of review for a district court's findings of fact is set forth in Rule 52(a), M.R.Civ.P., which provides in part:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

¶11  To interpret Rule 52(a), M.R.Civ.P., we have adopted the following three-part test:

> First, the Court will review the record to see if the findings are supported by substantial evidence.  Second, if the findings are supported by substantial evidence we will determine if the trial court has misapprehended the effect of evidence.  Third, if substantial evidence exists and the effect of the evidence has not been misapprehended, the Court may still find that "[A] finding is 'clearly erroneous' when, although there

is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed."

Wareing v. Schreckendgust (1996), 280 Mont. 196, 202, 930 P.2d 37, 41 (quoting Public Lands Access Ass'n, Inc. v. Boone and Crockett Club Found. (1993), 259 Mont. 279, 283, 856 P.2d 525, 527).

¶12  We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct.  Wareing, 280 Mont. at 203, 930 P.2d at 41 (citing Public Lands, 259 Mont. at 283, 856 P.2d at 527).

DISCUSSION

¶13  1.    Did the District Court correctly conclude that Kinney failed to establish a prescriptive easement across Burns' property?

¶14  To establish a prescriptive easement across Burns' property, Kinney was required to establish "open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement for the full statutory period."  Wareing, 280 Mont. at 206, 930 P.2d at 43 (citing Swandal Ranch Co. v. Hunt (1996), 276 Mont. 229, 233, 915 P.2d 840, 843).  Furthermore, Kinney was required to prove each element of her prescriptive easement claim by clear and convincing evidence.  Wareing, 280 Mont. at 206, 930 P.2d at 43.  If Kinney successfully established the elements of her prescriptive easement, a presumption of adverse use would arise and the burden of proof would shift to Burns, the landowner affected by her prescriptive claim, to establish that Kinney's use was permissive.  Wareing, 280 Mont. at 209, 930 P.2d at 45 (citations omitted).

¶15  Kinney argues that while the District Court correctly found that she had established open and notorious use of the subject easement, the court erred when it failed to find that she had also established the remaining elements of her prescriptive easement claim.  In essence, Kinney argues that substantial evidence in the record established contrary findings than those set forth by the District Court.  That is, the evidence in the record proved by clear and convincing evidence that she successfully established a prescriptive easement over Burns' property.  In this regard, Kinney also argues that because she successfully proved the establishment of her prescriptive easement, the burden of proof shifted and Burns failed to rebut the resulting presumption of her adverse use.  We disagree.

¶16  We review a district court's findings of fact to determine whether substantial evidence supports those findings, not contrary findings.  Wareing, 280 Mont. at 210, 930 P.2d at 46.  After reviewing the entirety of the record, we hold that the District Court's findings of fact are supported by substantial evidence; the court has not misapprehended the evidence; and we are not left with a definite and firm conviction that the court made a mistake. Furthermore, we hold that the District Court correctly interpreted the law when it concluded that Kinney had failed to establish a prescriptive easement

across Burns' property by clear and convincing evidence. Moreover, because Kinney failed to establish a prescriptive easement, the burden of proof never shifted to Burns. Therefore, we decline to address Kinney's argument that Burns failed to rebut the presumption of adverse use.

¶17  2.    Did the District Court properly set forth its findings
           of fact and conclusions of law?

¶18  Kinney argues that the District Court erred when it adopted Burns' findings of fact and conclusions of law "almost verbatim." However, we have previously explained:

> Although a district court may adopt verbatim findings of fact
> and conclusions of law, the practice does not constitute error per
> se. When reviewing the adequacy of the findings of fact and
> conclusions of law, we examine whether they are sufficiently
> comprehensive and pertinent to provide a basis for a decision,
> and whether they are supported by substantial evidence.

In re Marriage of Nikolaisen (1993), 257 Mont. 1, 5, 847 P.2d 287, 289. After reviewing the record, we hold, as we did in Issue 1, that the District Court's findings of fact are supported by substantial evidence. Further, we hold that both the court's findings of fact and its conclusions of law are sufficiently comprehensive and pertinent to provide a basis for its decision that Kinney failed to establish a prescriptive easement across Burns' property by clear and convincing evidence. The District Court, therefore, did not err by issuing findings and conclusions substantially similar to those proposed by Burns.

¶19  3.    Did the District Court err by commenting on Stan
           Kinney's credibility as a witness in Finding of Fact
           No. 69?

¶20  Stan Kinney, Edith Kinney's son, testified on her behalf in this case. In Finding of Fact No. 69, the District Court stated that "Stan Kinney testified that he and his family had used semi-trucks to truck cattle to their place since the 1950's. The Court finds this to be improbable and finds Stan Kinney's credibility has suffered by this testimony." Kinney argues that the District Court erred by setting forth this finding because it was prejudicial to her case. We disagree.

¶21  We have always explained that because a district court is in a better position to observe the witnesses and judge their credibility than this Court, "[w]e will not second guess the district court's determination regarding the strength and weight of conflicting testimony." Wareing, 280 Mont. at 210, 930 P.2d at 45-46 (citing Double AA Corp. v. Newland & Co. (1995), 273 Mont. 486, 494, 905 P.2d 138, 142). Here, the court sat without a jury, and, therefore, was the exclusive judge of witness credibility. See § 26-1-302, MCA. Therefore, we hold that the District Court did not err by setting forth its evaluation of Stan Kinney's credibility in Finding of Fact. No. 69.

¶22  Affirmed.

/S/   JAMES C. NELSON

We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  JIM REGNIER
/S/  WILLIAM E. HUNT, SR.