No. 03-534

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 155N

TED H. BROWN and SUSANN M. BROWN,

        Plaintiffs and Appellants,

    v.

SANDERS COUNTY, MIKE and NANCY MASTEN, and all persons unknown, claiming or who might claim any right, title, estate or interest in, or lien or encumbrance upon the real property described in the complaint, or any part thereof, adverse to Plaintiffs' ownership, or any cloud upon Plaintiffs' title thereto, whether, such claim or possible claim be present or contingent, including any claim or possible claim or dower, inchoate or accrued,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Sanders, Cause No. DV-02-48,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        Linda Osorio St. Peter, Don C. St. Peter, St. Peter & Warren, P.C., Missoula, Montana

        For Respondenst:

        Dee Ann G. Cooney, Normal H. Grosfield, Utick & Grosfield, Helena, Montana (Sanders County)

        Paul N. Tranel, Milton Datsopoulos, Datsopoulos, MacDonald & Lind, P.C., Missoula, Montana (Mike and Nancy Masten)

Submitted on Briefs:  January 6, 2004
Decided:  June 22, 2004

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2    Ted and Susann Brown (Browns), Appellants, brought a quiet title action against Sanders County, Mike and Nancy Masten (Mastens), and all other interested parties to settle a dispute of ownership of a roadway crossing the Browns' property. The Mastens filed a Motion for Summary Judgment, and Sanders County joined such motion. The Browns also filed a Motion for Partial Summary Judgment. On July 17, 2003, the District Court denied the Browns' Partial Motion for Summary Judgment and granted the Respondents' Motion for Summary Judgment. The Browns appealed. This Court affirms in part, reverses in part and remands for further proceedings.

## BACKGROUND

¶3    In 2001, the Browns purchased a parcel of land in Sanders County, Montana. They accessed their property off of Four Corners South Road. Four Corners South Road continues through their property where it turns west for approximately one-quarter mile and provides the only access to two adjacent properties with residences presently owned by the Mastens. In 2002, Sanders County conducted maintenance on the quarter-mile section of the disputed road, allegedly enlarging the thoroughfare from twelve feet to twenty-one and twenty-four feet in some places by grading, snowplowing and other improvements. This maintenance damaged trees and the Browns' waterline.

¶4 On May 24, 2002, the Browns filed a quiet title action in the Sanders County District Court against the Mastens, Sanders County and others claiming the controverted one-quarter mile section of the roadway was actually a private driveway, not a public roadway. The Mastens eventually filed a Motion for Summary Judgment, joined by the County, claiming the road was a county or public road for commercial use acquired by Sanders County by prescription. The Browns also filed a Motion for Partial Summary Judgment on a separate claim of Mastens for a private easement. The Browns contended that any private easement claimed by Mastens prior to 1969 was extinguished when the owners merged the properties into one parcel on June 23, 1969.

¶5 At the hearing on the motion for summary judgment both sides presented testimony via affidavits and depositions from residents in the area, predecessors in interest of the Mastens' property, predecessors in interest of the Browns' property, as well as others who had personal knowledge of the condition of the road.

¶6 The Mastens and Sanders County presented evidence to support their claim of public prescriptive easement. Particularly, the Mastens related their personal observations since they purchased the property in 1997, noting: (1) the County regularly performed maintenance on the road such as graveling, snowplowing, grading, tree limb removal and decaying culvert removal; (2) they never sought permission to access their property via this roadway; and (3) they never observed any gates blocking the road up to their property. Furthermore, the Mastens produced affidavits from numerous people confirming that the roadway was utilized by the public for numerous years dating back to the mid-1900's. Specifically, Lela Wilson, who lived on the Mastens' property beginning in 1936,

3

remembered a school bus traveling to the property and the County Road Department plowing the road in the 1940's and 1950's. Kenneth Wilson, a County Road Department employee at one time, testified in his affidavit that he maintained the road by plowing and graveling the road. Dick Bush, a County Road Department employee, recalled in his affidavit that he removed brush and old culverts, placed new culverts and widened the roadway. The Mastens also submitted numerous maps from the United States Forest Service, Montana Department of Natural Resources and others that document the presence of this road.

¶7 The Browns presented evidence that the County lacked sufficient records to establish that the road was public. They also provided affidavits and deposition testimony from other landowners and residents who had occupied these properties in the past with testimony conflicting with the Mastens' testimony. For instance, Evelyn LaChambre testified that while she owned and lived on the Mastens' property from 1966 to 1971, the County never plowed nor maintained the roadway, and during the winter she and her husband would have to eventually snowshoe to their house. Cary Andrews, a farrier that worked on horses in the neighborhood for sixteen to seventeen years, testified in his affidavit that the road was never maintained during the time that he serviced those properties. Another resident in the area, Lindy "Sonny" Ottinger, testified by deposition that the County plow routinely stopped at the end of Four Corners South Road without maintaining the subject road during the past fifteen years. Sonny also stated that he had researched whether the road was public or private in order to access property to hunt, independent of these proceedings, and determined from maps and county records that the roadway was private. The Browns also provided evidence that County Commissioner, Hank Laws, and County Attorney Zimmerman could

4

not substantiate their claims that the road had been public by prescription.

¶8    After considering all the pleadings and hearing oral argument, the District Court granted the Defendants' Motion for Summary Judgment and denied the Plaintiffs' Motion for Partial Summary Judgment. The court also decreed a specific legal description of the prescriptive easement. The District Court further certified its order as appealable under Rule 54(b), M.R.Civ.P. It is from this order that the Browns appeal. Without addressing whether the District Court's certification was proper, we affirm in part, reverse in part and remand for further proceedings. The following issues are presented for appeal:

¶9    1. Did the District Court err in granting summary judgment to the Mastens and Sanders County based on its conclusion that the disputed road was a county road by public prescriptive easement?

¶10    2. Did the District Court err in denying partial summary judgment to the Browns based on its conclusion that the disputed road was a county road by public prescriptive easement?

STANDARD OF REVIEW

¶11    Our review of a summary judgment order is *de novo*. Summary judgment is an extreme remedy and is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *See* Rule 56(c), M.R.Civ.P. The initial burden is on the moving party to establish that there is no genuine issue of material fact; and once met, the burden shifts to the party opposing the motion to establish otherwise. *Erker v. Kester*, 1999 MT 231, ¶ 17, 296 Mont. 123, ¶ 17, 988 P.2d 1221, ¶ 17. Furthermore, on review, all reasonable inferences that might be drawn from the offered

5

evidence should be drawn in favor of the party opposing summary judgment. *Erker*, ¶ 17. However, once the court determines that genuine issues of fact do not exist, "the court must then determine whether the moving party is entitled to judgment as a matter of law." We review this legal conclusion to determine whether the court erred. *Wages v. First Nat. Ins. Co. of America*, 2003 MT 309, ¶ 9, 318 Mont. 232, ¶ 9, 79 P.3d 1095, ¶ 9.

## DISCUSSION

## ISSUE ONE

¶12 Did the District Court err in granting summary judgment to the Mastens and Sanders County based on its conclusion that the disputed road was a county road by public prescriptive easement?

¶13 In this case, the District Court granted summary judgment and decreed that the roadway commonly referred to as Four Corners South West Road was a county road by public prescriptive easement. A prescriptive easement is created by operation of law. *Swandal Ranch Co. v. Hunt* (1996), 276 Mont. 229, 233, 915 P.2d 840, 843. The party seeking to establish a prescriptive easement must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement for the full statutory period by clear and convincing evidence. *Brimstone Min., Inc. v. Glaus*, 2003 MT 236, ¶ 21, 317 Mont. 236, ¶ 21, 77 P.3d 175, ¶ 21. If a claimant establishes the elements of open, notorious, continuous, uninterrupted and exclusive use of an easement, a presumption arises that the use is adverse to the servient estate and the burden shifts to the owner to show the use was permissive. *Brimstone Min., Inc.*, ¶ 21.

¶14 In its grant of summary judgment and Judgment and Decree, the District Court found

6

that the roadway crossing the Browns' property, commonly referred to as Four Corners South West, was a public prescriptive easement approximately twenty-two feet wide at the point where the roadway turned west off of Four Corners South Road and became Four Corners South West Road. Furthermore, it determined that the roadway was twenty-one feet wide at the midpoint between the turnoff to Four Corners South West Road and the Mastens' property line. The court decreed the scope of the public prescriptive easement as: (1) Sanders County's right to maintain the road, including graveling, grading, snowplowing and other general maintenance to the road; and (2) the road being open to commercial operations.

¶15 In order to demonstrate that a public prescriptive easement exists, the claimant must prove the same elements as a private prescriptive easement with the exception of the exclusivity requisite. *Hitshew v. Butte/Silver Bow County*, 1999 MT 26, ¶ 16, 293 Mont. 212, ¶ 16, 974 P.2d 650, ¶ 16. Open and notorious use provides the owner of the servient estate actual knowledge of the claimed right, or is of such character as to raise the presumption of notice whereby the owner could not be deceived. *Brimstone Min., Inc.*, ¶ 23. To be continuous and uninterrupted, the use cannot be interrupted by an act of the servient landowner or by voluntary abandonment by the party claiming the right. *Brimstone Min., Inc.*, ¶ 23. Adverse use is exercised under a claim of right, not as a revocable license granted at the pleasure of the servient landowner. *Swandal Ranch Co.*, 276 Mont. at 233, 915 P.2d at 843.

¶16 The Browns argue that the Mastens and Sanders County failed to establish the elements of a public prescriptive easement with clear and convincing evidence, thus there are genuine issues of material fact. First, the Browns contend that the Defendants failed to

identify or prove that the statutory period ran to establish prescription. To support this claim, the Browns provided numerous cites to the record whereby uncertainty existed as to use type and time period. Next, the Browns maintain that there was much controverted evidence as to the continuous and uninterrupted use of this stretch of roadway. The Browns dispute the width of the prescriptive easement that the District Court found in its Decree. Furthermore, without relying on any case law, they allege that the Defendants failed to provide clear and convincing evidence that there was continual and uninterrupted commercial use of the roadway for the required statutory period. Finally, the Browns contend that the District Court erred when it set forth a specific legal description of the roadway in the summary judgment decree. We agree with the Browns' contention that material facts remain in dispute regarding the status of Four Corners South West Road.

¶17    While this Court has stated on numerous occasions that the purpose of summary judgment is to encourage judicial economy, it should never be a substitute for a trial if there is an issue of material fact. *Olson v. Osmolak*, 2003 MT 151, ¶ 13, 316 Mont. 216, ¶ 13, 70 P.3d 1242, ¶ 13. After a careful review of the record in this case, we conclude that the District Court erroneously resolved disputed issues of material fact, and therefore, exceeded the scope of its role at the summary judgment stage of this case. A review of the record indicates a multitude of unresolved, conflicting testimony, thus we determine that there are issues of material fact. Therefore, we hold that the District Court erred when it granted summary judgment against the Browns' claims, and remand for a determination by the trier of fact.

ISSUE TWO

8

¶18 Did the District Court err in denying partial summary judgment to the Browns based on its conclusion that the disputed road was a county road by public prescriptive easement?

¶19 The Browns rely upon § 70-17-111(1), MCA, to support their argument that in this case, the dominant and servient estates merged in 1969, thereby extinguishing any easement that may have previously existed. They also rely upon *Mularoni v. Bing*, 2001 MT 215, 306 Mont. 405, 34 P.3d 497, for the proposition that any time a party owning an easement right acquires legal ownership of the servient estate, such easement associated with that parcel is extinguished. As such, when the LaChambres owned both the Brown property and the Masten property from June 23, 1969, to July 1, 1969, such ownership extinguished any claims to a private easement.

¶20 The Mastens direct our attention to the transcript of the oral hearing whereby the Browns conceded to the possibility of sufficiency of time after 1969 to create a public prescriptive easement and to the fact that the common ownership did not function to extinguish any public easement created prior to 1969. Furthermore, the Mastens allege that there were material issues of fact concerning whether any portion of the roadway was actually located within the Browns' property boundary during the relevant time period in 1969. Thus, the Mastens contend that the District Court's denial of partial summary judgment was proper.

¶21 As a result of reversing the District Court's grant of summary judgment for Issue One, we affirm its decision to deny the partial summary judgment. Because we are reversing the entry of summary judgment in favor of the County and the Mastens, the issue of a private easement may be raised on remand. Affirmed.

¶22    In summary, for the forgoing reasons, we reverse and remand for further proceedings the grant of summary judgment in favor of the Mastens and Sanders County. We affirm the District Court's denial of the Browns' Motion for Partial Summary Judgment.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER